UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FEMHEALTH USA, INC., d/b/a CARAFEM,<br><br>                 **Plaintiff,**<br><br>     v.<br><br>RICKEY NELSON WILLIAMS, JR.; BEVELYN Z. WILLIAMS; EDMEE CHAVANNES; OPERATION SAVE AMERICA; JASON STORMS; CHESTER GALLAGHER; MATTHEW BROCK; COLEMAN BOYD; FRANK "BO" LINAM; BRENT BUCKLEY; and AJ HURLEY;<br><br>                 **Defendants.** | Civil Action No. 3:22-cv-00565 |

## TEMPORARY RESTRAINING ORDER

This case is before the Court on FemHealth USA, Inc., d/b/a carafem's Motion for an Emergency Temporary Restraining Order. (Doc. No. 2). Based on the Complaint and the declarations of Pat Wheeler (Doc. No. 1-1), Michelle Davidson (Doc. No. 1-2), and Sarah B. Miller (Doc. No. 4) that support the allegations in the Complaint, Plaintiff's supporting Memorandum of Fact and Law, and the entire record, the Court makes the following findings of fact and conclusions of law.

1. Defendants have engaged in and plan to continue to engage in physically obstructing the entrance to carafem's facility and threatening facility staff and patients, as described in the Complaint, and the Declarations in Support of the Temporary Restraining Order, which is actionable under the Freedom of Access to Clinic Entrances ("FACE") Act, 18 U.S.C. § 248 (1994).

1

2. Specifically, it appears that the Defendants have violated the FACE Act on July 27 and 28, 2022, by physically obstructing patients' and providers' access to the entrance of carafem, located at 5002 Crossings Circle, Mt. Juliet, TN. Defendants appear to be intentionally interfering with individuals who have sought to receive and provide reproductive health services at carafem by physically obstructing the clinic entrance, attempting to gain entry into the clinic without proper authorization, and intimidating the clinic's staff and patients.

3. It appears that Defendants were removed from Plaintiff's facility by local law enforcement on July 27 and 28, 2022, due to their alleged improper behavior.

4. The actions of Defendants, as alleged in the Complaint, caused patients to be unable to access the facility, caused patients and staff to experience panic, intimidation, and fear of imminent physical harm and caused patients and facility staff to be on lock-down several times on July 27 and 28, 2022.

5. There is evidence of public statements made by Defendants and others associated with Operation Save America ("OSA") that indicate Defendants intend to carry out further obstructive behavior that may violate the FACE Act at carafem in the future, specifically on July 29, 2022 and thereafter.

6. This Court has jurisdiction over this action pursuant to 18 U.S.C. § 248 and 28 U.S.C. § 1345.

7. Plaintiffs appear to have standing to bring this action and to seek injunctive relief pursuant to 18 U.S.C. § 248(c)(1).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) in that all the events giving rise to the Complaint occurred in this judicial district.

9. At this point, it appears that Plaintiffs are likely to succeed on the merits of their claim. The FACE Act authorizes private action against those who obstruct, intimidate, injure, or intentionally interfere with any person because that person is or has been obtaining or providing reproductive health services. The record appears to indicate Defendants have done just that and are likely to continue. (See Doc. No. 1-1 ¶¶ 7-21; Doc. No. 1-2 ¶¶ 11, 14).

10. Plaintiff has demonstrated the imminent risk of irreparable injury in the form of interference with carafem's patients and their associates' access to reproductive health services; interference with carafem's providing services to its patients; and risks to public safety, all injuries that cannot be fully compensated through monetary damages.

11. The Court finds that no security is required under Fed. R. Civ. P. 65(b).

12. Pursuant to Rule 65(b)(1)(A), notice to Defendants is not required because the record establishes that this matter is time-sensitive, and the risk of irreparable harm to Plaintiffs is high before notice can be given.

13. This Order does not restrict any of the rights of the Defendants, including their First Amendment rights, outside the property of the Providence Pavilion at 5002 Crossings Circle or outside carafem's hours of operation as indicated on carafem's website, and during the time periods both two hours before and two hours after carafem's hours of operation.

Accordingly, Rickey Nelson Williams, Bevelyn Williams, Edmee Chavannes, Jason Storms, Chester Gallagher, Matthew Brock, Coleman Boyd, Frank "Bo" Linam, Brent Buckley, AJ Hurley, and OSA, and their representatives, agents, employees, servants, attorneys and any and all others acting in concert or participation with any of them, singularly

3

or collectively, are hereby restrained, enjoined and prohibited from:

(a) physically obstructing, intimidating, injuring or interfering with any person who is or has been obtaining or providing reproductive health services at Providence Pavilion's facility at 5002 Crossings Circle, Mt. Juliet, Tennessee; and

(b) entering onto the property of Providence Pavilion at 5002 Crossings Circle, Mt. Juliet, TN 37122 during carafem's hours of operation Monday through Friday, 8:00 a.m. to 5:00 p.m. and Saturday 8:00 a.m. to 1:00 p.m. and during the time periods both two hours before and two hours after carafem's hours of operation.

This Order is effective upon notice and service on the Defendants. The terms of this Order shall be in effect until **August 5, 2022**. A hearing is set for **August 5, 2022,** at 9:00 a.m. to evaluate the need for any further relief.

Plaintiff's counsel shall post this Order visibly at or around the premises, at 5002 Crossings Circle, Mt. Juliet, Tennessee, and shall serve a copy of this Order on all Defendants.

DONE in Nashville, Davidson County, Tennessee on this the 29th day of July, 2022, at 5:37 p.m.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE