UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

**FEMHEALTH USA, INC., d/b/a CARAFEM,**

          Plaintiff,

v.

**RICKEY NELSON WILLIAMS, JR.;
BEVELYN Z. WILLIAMS; EDMEE
CHAVANNES; OPERATION SAVE AMERICA;
JASON STORMS; CHESTER GALLAGHER;
MATTHEW BROCK; COLEMAN BOYD;
FRANK "BO" LINAM; BRENT BUCKLEY;** and
**AJ HURLEY**,

          Defendants.

CAUSE NO. 3:22-cv-00565
JUDGE CAMPBELL

---

## OSA DEFENDANTS' MEMORANDUM OF LAW IS SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL

Defendants Operation Save America, Jason Storms, Matt Brock, Coleman Boyd, Brent Buckley, and Frank "Bo" Linam ("OSA Defendants") submit this memorandum of law in support of their motion for stay of these proceedings pending final determination of their appeal of the order granting a preliminary injunction. A stay of the case would serve the interests of judicial economy and of justice, and would not prejudice the Plaintiff in any way.

### BACKGROUND

This case was filed on July 29, 2022. Plaintiff obtained a temporary restraining order on that same date, without notice to Defendants. On September 9, 2022, the Court held a hearing on the motion, at which only counsel for the Plaintiff and counsel for the OSA Defendants appeared. On September 14, 2022, this Court entered a preliminary injunction, granting Plaintiff everything

it had requested. These Defendants filed their notice of appeal of that order on September 15, 2022. To date, no other Defendant has yet entered an appearance.

## DISCUSSION

"'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); accord, *Ellis v. Merck & Co., Inc.*, No. 06–1005–T/AN, 2006 WL 448694, at *1 (W.D. Tenn. Feb. 19, 2006) (citation omitted) ("The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary."). *See also*, *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937) ("[a] court has control over its own docket…. In the exercise of a sound discretion it may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same.") (citing *Landis*). That is, a court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir.1979). "The grounds upon which a stay of proceedings may be granted or denied depend on the facts and circumstances in each particular case." *Beck v. Commc'ns Workers of Am. (C.W.A.)*, 468 F. Supp. 87, 91 (D. Md.), decision supplemented, 468 F. Supp. 93 (D. Md. 1979).

The parties and the issues are the same here. A stay of the present case pending final resolution of the appeal of the preliminary injunction order would serve the interests of judicial economy and of justice. To be clear, the OSA Defendants do *not* ask this Court to stay the injunction entered on September 14, 2022, despite their conviction that entry of that injunction

2

was not appropriate. Thus, no harm would accrue to the Plaintiff if this case were stayed.[1] The OSA Defendants simply ask the Court to stay the proceedings below pending review of that injunction order.

A stay of the proceedings would serve the interests of judicial economy by saving the Court and the parties from potentially unnecessary discovery, pre-trial motions, and addressing issues that do not currently need to be resolved as long as the injunction is in place. *See, e.g., Nat'l Ass'n of Chain Drug Stores v. Thomson*, No. CIV.A. 01-1554 (PLF), 2001 WL 1397301, at *1 (D.D.C. Nov. 5, 2001), *reh'g denied and opinion modified* (Nov. 8, 2001), *clarified in part by* No. CIV.A. 01-1554 (PLF), 2001 WL 1602152 (D.D.C. Dec. 14, 2001) (granting stay of proceedings below after entry of preliminary injunction); *STM Inv. S.a.r.l. v. 3P Equity Partners, LLC*, No. 19-1764-CBM-ASX, 2019 WL 9518077, at *2 (C.D. Cal. 2019) (granting stay of proceedings below after entry of preliminary injunction where harm to plaintiffs would be "minimal").

In addition, moving ahead immediately, before any other Defendant has yet appeared, presents a risk of duplicative discovery and motions and of prejudice to those Defendants. It also presents a serious risk of prejudice to the co-Defendants, who have not yet appeared and have not had an opportunity to respond to Plaintiff's allegations. Again, the injunction provides all the protection the Plaintiff has sought and therefore would not prejudice it. Finally, a decision by the Sixth Circuit Court of Appeals will provide significant and perhaps determinative guidance to the parties as well as to this Court on the merits of the case, arguably paving the way to resolving it for all intents and purposes without the need for a trial. At a minimum, it is likely to narrow the

---

[1] Accordingly, the stringent test applied to those seeking to stay an injunction pending appeal do not apply here. *See*, *e.g.*, *Michigan Bell Tel. Co. v. MFS Intelenet of Michigan, Inc.*, 16 F. Supp. 2d 828, 831-32 (W.D. Mich. 1998) (analyzing motion for stay pending appeal pursuant to Fed. R. Civ. P. 62(d)), and compare with *id.* at 833 (analyzing – and granting -- motion for stay of proceedings under more relaxed standard applicable here).

issues remaining for this Court to decide. *See*, *e.g.*, *New Balance Athletic Shoe, Inc. v. Converse, Inc.*, 86 F. Supp. 3d 35, 37 (D. Mass. 2015) (stay of proceedings granted where "it would conserve party and judicial resources" and "narrow the issues before this case proceeds"); *Pexcor Mfg. Co. v. Uponor AB*, 920 F. Supp. 2d 151, 153 (D.D.C. 2013) (granting stay where parallel proceeding in foreign court "likely will narrow the issues and possibly will resolve this case"); *Hosp. of Barstow, Inc. v. Sebelius*, No. CV 11-10638 CAS MANX, 2012 WL 893784, at *3 (C.D. Cal. 2012) (granting stay and observing that "[a]lthough the Ninth Circuit's decisions may not be dispositive, they are likely to narrow the issues in this case").

The proposed stay would simply put the present case on hold, in the interests of judicial economy and of justice. Accordingly, the Court should stay the case pending final determination of the appeal.

WHEREFORE, the OSA Defendants request that the Court stay the present action pending final determination of their appeal of the preliminary injunction order, and for such other and further relief to which they may be entitled.

Respectfully submitted this 20th day of September, 2022.

/s/Stephen M. Crampton
Stephen M. Crampton
Senior Counsel
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

and

Larry L. Crain, Esq.
5214 Maryland Way
Suite 402
Brentwood, TN 37027
Voice: (615) 376-2600
Fax: (615) 376-2626
Mobile: (615) 300-3767
larry@crainlaw.legal
www.crainlaw.legal

*Counsel for Defendants Operation Save America, Jason Storms, Matthew Brock, Coleman Boyd, Frank "Bo" Linam, and Brent Buckley*

5

# CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2022, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and that a copy of the foregoing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

In addition, a true and correct copy of the foregoing will be served as follows:

**Via U.S. Mail**
Aaron J. Hurley
11401 Washington Pl Apt J
Los Angeles, CA 90066-5051

**Via U.S. Mail**
Chester "Chet" Gallagher
1145 Holloway Road
Lebanon, TN 37090

**Via U.S. Mail**
Rickey Nelson Williams, Jr.
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

**Via U.S. Mail**
Edmee Chavannes
9122 Integra Preserve Ct., #318
College Dale, TN 37363-4407

**Via U.S. Mail**
Bevelyn Z. Williams
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

**Via U.S. Mail**
At The Well Ministries, Inc.
c/o Bevelyn Williams, Registered Agent
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

s/Stephen M. Crampton
Stephen M. Crampton