UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FEMHEALTH USA, INC., d/b/a CARAFEM,<br><br>          Plaintiff,<br><br>   v.<br><br>RICKEY NELSON WILLIAMS, JR.; BEVELYN Z. WILLIAMS, JR.; EDMEE CHAVANNES; AT THE WELL MINISTRIES; OPERATION SAVE AMERICA; JASON STORMS; CHESTER GALLAGHER; MATTHEW BROCK; COLEMAN BOYD; FRANK LINAM; BRENT BUCKLEY; and AJ HURLEY;<br><br>          Defendants. | Civil Action No. 3:22-cv-00565<br>JUDGE CAMPBELL |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL

Defendants Operation Save America, Jason Storms, Matt Brock, Coleman Boyd, Brent Buckley, and Frank "Bo" Linam ("Defendants") have appealed this Court's preliminary injunction (the "Injunction Order," Dkt. 66), and they now seek to have this case stayed pending their appeal. In entering the Injunction Order, the Court found (i) carafem is likely to succeed on the merits of its case and to suffer irreparable harm in the absence of an injunction; (ii) the balance of equities favored carafem; and (iii) an injunction against Defendants is in the public interest. Injunction Order at 6–8. In their briefing, Defendants fail to note the standard for a stay pending appeal, in which *same factors* are used to determine whether a stay should be granted. *ARGI Fin. Grp., LLC*, 2020 WL 12812978 at *1 (listing the considerations in analyzing a motion to stay a case after an interlocutory appeal of an injunction is taken as "(1) whether the stay applicant has made a strong

1

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.") (internal quotation omitted). *See also PartyLite Gifts, Inc. v. Swiss Colony Occasions*, 2007 WL 2351287, at *1 (E.D. Tenn. Aug. 14, 2007) (citing *Fam. Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004)). Each factor Court weighs against staying this case pending appeal under the relevant standard, and, indeed under any standard, including that proposed by Defendants.[1]

### A. All factors in the four-part test for staying discovery pending appeal weigh against a stay.

Defendants are highly unlikely to succeed in their appeal. The Court's determination as to whether to grant or deny injunctive relief will be reviewed by the Sixth Circuit for abuse of discretion. *DV Diamond Club of Flint, LLC v. Small Bus. Admin.*, 960 F.3d 743, 746 (6th Cir. 2020). This "highly deferential" standard permits the reversal of a district court's grant of a preliminary injunction "only if the district court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Id*. (internal quotations omitted). This Court has already found, in a reasoned opinion based on the evidence presented through briefing and oral argument, that carafem is likely to succeed on the merits of its FACE Act claim. Memorandum at 6 (Dkt. 65). The result of this deferential standard applied to

---

[1] Defendants cite case law from other jurisdictions, from as far back as 90 years ago, discussing considerations for staying cases pending resolution of ***independent*** lawsuits or arbitrations, rather than lawsuits proceeding below while an interlocutory appeal is pending. *See generally* Memorandum in Support of Motion to Stay Proceedings (Dkt. 71). The single Sixth Circuit case they cite likewise addresses "the option of staying the federal proceeding until the state court resolves … state law bearing on policy problems of public import." *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010). These cases are wholly irrelevant to the question before the Court. The only factors the defendants seem to address are judicial economy and "fairness," which carafem addresses herein out of an abundance of caution.

2

the Court's well-reasoned decision is that, Defendants are, correspondingly, unlikely to be successful on the merits of their appeal.

Further, the equities favor denial of the requested stay. Any harm to Defendants absent a stay would be minimal. The Injunction Order, which only minimally impacts Defendants' freedom of movement, *see* Memorandum at 8, will be in place pending appeal regardless of whether this case is stayed. And, regardless of how the Court of Appeals rules on the appeal of the Injunction Order, this case will proceed to an ultimate judgment on the merits and will require the attendant expenditure of resources for litigation. On the other hand, if the Court grants the stay, not only will carafem be delayed in obtaining ultimate relief in this case for no reason, it also will be delayed from obtaining discovery and run the risk that, for instance, memories will fade and evidence will be lost.

Finally, the public interest clearly is served by a timely resolution to this case. The Court has rightly found that "the public interest is served by ensuring access to health care services provided by carafem" and "Defendants' stated intention to take the law into their own hands when they believe law enforcement is not acting appropriately is contrary to public interest because such intended vigilantism violates existing law and has no place in a civilized society – a society that provides peaceful venues to address grievances." Memorandum at 6 (Dkt. 65). The public is best served in this case by an efficient and conclusive final determination of this matter that binds Defendants and protects public access to healthcare.

Because, as this Court has found, Defendants are not likely to succeed on the merits of their claims, and because the balance of the equities still weighs against any further delay of justice, carafem respectfully submits that this case should not be stayed pending appeal.

3

Case 3:22-cv-00565   Document 76   Filed 10/04/22   Page 3 of 7 PageID #: 563

### B. Judicial economy weighs against a stay as well.

Though Defendants do not clearly state what standard they ask the Court to use in analyzing their motion, they appear to rely on a quote from a 1979 Ninth Circuit case about whether a trial court case could be stayed pending arbitration: "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest[2] course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *See Levya v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). But "[a] stay is an intrusion into the ordinary processes of administration and judicial review," *see ARGI Fin. Grp., LLC*, 2020 WL 12812978, at *1, and the most efficient course of action is to allow the ongoing processes of administration and judicial review to proceed at a regular pace.

Even if Defendants are successful in their appeal, which is unlikely, a decision on the injunction will not change the course of discovery and trial, so judicial economy is favored by denying the stay. While Defendants generally claim a stay would eliminate "potentially unnecessary discovery" and "pre-trial motions," their argument actually appears to relate to delaying – rather than mooting – discovery and motion practice. Defendants conclude that a decision by the Court of Appeals "will provide significant and perhaps determinative guidance to the parties as well as to this Court on the merits of the case," but they do not explain how that outcome may materialize, or why the Sixth Circuit's decision on Defendants' limited appeal would be determinative as to the underlying merits. That outcome is particularly remote in this case,

---

[2] To the extent Defendants intend to argue that "fairness" should be a factor, that is addressed under the balance of the equities in the four-part test. Carafem submits these Defendants do not have standing to address "fairness" to the other defendants in this case, and, in any event, the blame (and consequences) for their failure to respond timely to this lawsuit lies entirely at their own feet.

4

where no judgment has been rendered, even preliminarily, on two of carafem's three claims (for trespass and nuisance), and thus those claims are not before the Sixth Circuit Court of Appeals.

Any determination regarding the likelihood of success on the merits in this case, or the other factors for a preliminary injunction, prior to discovery is of limited relevance to the discovery process and ultimate trial. In analyzing judicial economy concerns related to motions to stays pending appeal, courts in the Sixth Circuit have underscored that "[t]he public has an interest in prompt resolution of the cases that will be tried in [their] District." *See, e.g., Tipton v. CSX Transp., Inc.*, 2017 WL 4583248, at *7 (E.D. Tenn. Oct. 13, 2017) (quoting *In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *4 (N.D. Ohio May 16, 2014). Because a stay would delay resolution of this case and will not result in the expenditure of fewer resources in the trial court, both judicial economy and the public interest weigh against a stay.

A stay of the proceedings in this case is not in the best interests of the party, the public, or the Court under *any* standard; therefore, carafem asks the Court to deny Defendants' motion to stay.

Dated: October 4, 2022

Respectfully submitted,

*/s/ Sarah B. Miller*
Sarah B. Miller
Angela L. Bergman
Allison Wiseman Acker

**BASS, BERRY & SIMS PLC**
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
(615) 742-6293 (facsimile)
smiller@bassberry.com
abergman@bassberry.com
allison.acker@bassberry.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the foregoing will be served this 4th day of October, 2022 by operation of the Court's CM/ECF system or via U.S. Mail, first class postage prepaid, on the parties as indicated below:

<u>*Via U.S. Mail*</u>
Aaron J. Hurley
11401 Washington Pl Apt J
Los Angeles, CA 90066-5051

<u>*Via U.S. Mail*</u>
Chester "Chet" Gallagher
1145 Holloway Road
Lebanon, TN 37090

<u>*Via U.S. Mail*</u>
Rickey Nelson Williams, Jr.
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

<u>*Via U.S. Mail*</u>
Edmee Chavannes
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

<u>*Via U.S. Mail*</u>
Bevelyn Z. Williams
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

<u>*Via U.S. Mail*</u>
At The Well Ministries, Inc.
c/o Bevelyn Beatty, Registered Agent
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

<u>*Via CM/ECF Notice*</u>
Larry L. Crain
5214 Maryland Way, Suite 402
Brentwood, TN 37027
larry@crainlaw.legal

Stephen M. Crampton
PO Box 4506
Tupelo, MS 38803-4506
scrampton@thomasmoresociety.org

*Counsel for Defendants Operation Save America, Jason Storms, Matt Brock, Coleman Boyd, Frank "Bo" Linam, and Brent Buckley*

                                                  */s/ Sarah B. Miller*