UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

FEMHEALTH USA, INC., d/b/a CARAFEM,

    Plaintiff,

v.

RICKEY NELSON WILLIAMS, JR.;
BEVELYN Z. WILLIAMS; EDMEE
CHAVANNES; OPERATION SAVE AMERICA;
JASON STORMS; CHESTER GALLAGHER;
MATTHEW BROCK; COLEMAN BOYD;
FRANK "BO" LINAM; BRENT BUCKLEY; and
AJ HURLEY,

    Defendants.

CAUSE NO. 3:22-cv-00565
JUDGE CAMPBELL

---

## OSA DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL

Defendants Operation Save America, Jason Storms, Matt Brock, Coleman Boyd, Brent Buckley, and Frank "Bo" Linam ("OSA Defendants") submit this reply in support of their motion for stay of the case pending final determination of their appeal of the order granting a preliminary injunction.

Plaintiff, having apparently failed to read the OSA Defendants' brief carefully, chastises the OSA Defendants for failing "to note the standard for a stay pending appeal," which Plaintiff mistakenly asserts utilizes the same factors as are used to determine whether a stay should be granted. Response, ECF 76, at 1. Plaintiff then proceeds to analyze the motion under that inapplicable standard. *Id.* at 2-5.

1

In fact, as the OSA Defendants plainly stated in their memorandum in support of the motion (ECF 71 at 3, n.1), "the stringent test applied to those seeking to stay an injunction pending appeal" does not apply here. *Id.* (citing *Michigan Bell Tel. Co. v. MFS Intelenet of Michigan, Inc.*, 16 F. Supp. 2d 828, 831-32 (W.D. Mich. 1998)).

The reason for the lax standard is obvious: where, as here, the movant does not seek to stay the injunction and thus effectively overturn the action of the district court, the issue is merely prudential. The court is simply exercising "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (internal quotation marks and citations omitted). After all, "[T]The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

As the OSA Defendants noted in their original memorandum, a stay would serve the interests of judicial economy and justice because it would save the parties from potentially unnecessary discovery, the court from dealing with pre-trial motions, and both the parties and the court from addressing issues that do not currently need to be resolved as long as the injunction is in place. Moreover, since none of the other Defendants have made an appearance yet, a stay would obviate the risk of duplicative discovery and prejudicial proceedings occurring in their absence.[1] Where a stay pending appeal would serve judicial economy and would not prejudice the non-moving party, entry of the stay is appropriate. *See Pinares v. United Techs. Corp.*, No. 10-80883-

---

[1] Plaintiff asserts without any citation to authority that these Defendants "do not have standing" to address the impact of a stay or denial thereof on the other Defendants. Response at 4, n.2. In fact, the effect of a stay on the other Defendants is a legitimate and indeed significant factor in the Court's analysis. *See*, *e.g.*, *In re BGI, Inc.*, 504 B.R. 754, 764 (S.D.N.Y. 2014) ("In addition to showing irreparable harm, **the party seeking a stay must establish that** the non-moving party or **other parties will not suffer substantial harm** if the stay is granted.") (Emphasis added).

CIV, 2019 WL 8129287, at *1 (S.D. Fla. 2019). In *Pinares*, the district court granted a motion to stay where it concluded that the stay would serve judicial economy and would not prejudice the non-moving party. In addition, the *Pinares* court addressed the very argument Plaintiff raises here, namely that a delay could prejudice it because of the passage of time and fading memories (Response at 3). What the *Pinares* court found regarding the non-moving party there could also be said about Plaintiff here, it "has not shown how the mere passage of time would make confronting this alleged lack of evidence any more difficult." *Id.*, n.3. In short, there is no good reason why these proceedings should not be stayed, and several good reasons why a stay should be entered.

Furthermore, while this motion was pending, some of the Defendants in this civil action have been indicted in a criminal case brought by the Department of Justice alleging violations of the FACE Act. *See United States of America v. Gallagher*, et al., Cause No. 3:22-00327 (M.D. Tenn.), filed October 3, 2022. To subject those Defendants to discovery and depositions and cross-examination while the criminal case is pending would be inconsistent with their Fifth Amendment and other rights in the criminal case. A stay in this civil case would also allow the issue of the validity of the FACE Act to be litigated on an expedited basis, once again saving this Court and the parties significant time and expense.

Accordingly, the Court should grant the motion and stay these proceedings pending final resolution of the appeal of the preliminary injunction order.

3

Respectfully submitted this 11th day of October, 2022.

/s/Stephen M. Crampton
Stephen M. Crampton
Senior Counsel
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

and

Larry L. Crain, Esq.
5214 Maryland Way
Suite 402
Brentwood, TN 37027
Voice: (615) 376-2600
Fax: (615) 376-2626
Mobile: (615) 300-3767
larry@crainlaw.legal
www.crainlaw.legal

*Counsel for Defendants Operation Save America, Jason Storms, Matthew Brock, Coleman Boyd, Frank "Bo" Linam, and Brent Buckley*

4

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and that a copy of the foregoing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

In addition, a true and correct copy of the foregoing will be served as follows:

**Via U.S. Mail**
Aaron J. Hurley
11401 Washington Pl Apt J
Los Angeles, CA 90066-5051

**Via U.S. Mail**
Edmee Chavannes
9122 Integra Preserve Ct., #318
College Dale, TN 37363-4407

**Via U.S. Mail**
Chester "Chet" Gallagher
1145 Holloway Road
Lebanon, TN 37090

**Via U.S. Mail**
Bevelyn Z. Williams
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

**Via U.S. Mail**
Rickey Nelson Williams, Jr.
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

**Via U.S. Mail**
At The Well Ministries, Inc.
c/o Bevelyn Williams, Registered Agent
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

s/Stephen M. Crampton
Stephen M. Crampton