UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

**FEMHEALTH USA, INC., d/b/a CARAFEM,**

                Plaintiff,

v.

**RICKEY NELSON WILLIAMS, JR.;
BEVELYN Z. WILLIAMS; EDMEE
CHAVANNES; OPERATION SAVE AMERICA;
JASON STORMS; CHESTER GALLAGHER;
MATTHEW BROCK; COLEMAN BOYD;
FRANK "BO" LINAM; BRENT BUCKLEY;** and
**AJ HURLEY,**

                Defendants.

CAUSE NO. 3:22-cv-00565
JUDGE CAMPBELL

---

### OSA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Operation Save America, Jason Storms, Matthew Brock, Coleman Boyd, Frank "Bo" Linam, and Brent Buckley, by and through counsel, submit this reply in support of their motion to dismiss Plaintiff's Complaint.

### ARGUMENT

**I. THE TPPA SHOULD BE APPLIED HERE, WHERE PLAINTIFF'S PRIMARY MOTIVATION IS TO SUPPRESS UNWELCOME SPEECH.**

Plaintiff's Response makes much of the District Court opinions from this District holding that the Tennessee Public Participation Act, Tenn. Code Ann. §§ 20-17-101, et seq. ("TPPA"), does not apply in federal court. Plaintiff's Response, ECF 77, at 4-7. But this is nothing new; these Defendants pointed out the existence of these decisions in their Memorandum in Support of their Motion. OSA Mem. Supp. Mot. Dism. at 6. What Plaintiff neglects to mention is that the Sixth Circuit has yet to rule on the question. *See, e.g., Lampo Grp., LLC v. Paffrath*, No. 3:18-CV-01402,

2019 WL 3305143, at *2 (M.D. Tenn. 2019) ("The question of whether state anti-SLAPP statutes are applicable in federal court appears to be a matter of first impression in the Sixth Circuit. . ."). Nevertheless, as the *Lampo Group* Court noted, "the Sixth Circuit has cited with approval cases that allowed interlocutory appeals from denials of anti-SLAPP motions." *Id.* at *2, n.3 (citing *Black v. Dixie Consumer Products LLC*, 835 F.3d 579, 582-84 (6th Cir. 2016)); *see also Block v. Tanenhaus*, 815 F.3d 218, 221 (5th Cir. 2016) (assuming without deciding that Louisiana's anti-SLAPP statute applies in federal court); *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (holding that California's anti-SLAPP statute may be applied in federal court). It may safely be said that the issue is far from settled, and the public policy goal of protecting First Amendment rights against abusive and oppressive lawsuits is surely worthy of serious consideration.

**The TPPA Applies to the Expressive Activities of these Defendants.**

Plaintiff next asserts that even if the TPPA applies to this case as a matter of law, the facts here do not warrant protection of the OSA Defendants' conduct. ECF 77 at 7-10. This contention reveals more about Plaintiff's ideological objection to the message of these Defendants than it does about the legal analysis of the TPPA and the facts. To deny that the OSA Defendants were engaged in quintessential expressive activity is to blink reality. As stated in these Defendants' Memorandum, Plaintiff's Complaint concedes that these Defendants gathered outside its Mt. Juliet clinic "on the streets and sidewalks," that they "held signs depicting graphic images and used megaphones." Complaint, ¶ 17 (ECF 1). This is the essence of protected First Amendment activity. The Complaint further admits that these Defendants returned *to the public ways* on July 27, and states that "these individuals began protesting on the sidewalks outside the medical building property with graphic signs and megaphones." *Id.*, ¶ 30. Again, this activity constitutes core First

2

Amendment expressive conduct squarely within the ambit of the TPPA and its protection of a party's "exercise of the right to free speech, right to petition, or right of association." TPPA, Tenn. Code Ann. § 20-17-105(a). To suggest otherwise is disingenuous, at best.

In a word, these Defendants easily satisfy the threshold requirement of the TPPA, and the burden shifts to Plaintiff to establish "a prima facie case for each essential element of the claim in the legal action." Tenn. Code Ann. § 20-17-105.

## II. PLAINTIFF CONCEDES THAT FACE IS CONTENT-BASED UNDER *MCCULLEN v. COAKLEY* IF IT REQUIRES EXAMINATION OF THE CONTENT OF THE MESSAGE CONVEYED, WHICH IT DOES.

In defending the constitutionality of FACE and discussing the recent Supreme Court case of *McCullen v. Coakley*, 573 U.S. 464 (2014), Plaintiff unwittingly conceded that FACE is content-based. Plaintiff correctly wrote that *McCullen* states that "if examination of 'the content of the message that is conveyed' was necessary to determine whether a person had violated that law, then the law would be content-based." ECF 77 at 9. Plaintiff incorrectly contends that the conduct of these Defendants here "is not dependent upon the content of any message of Defendants." *Id.*

In fact, FACE is clearly content-based. It applies not to *any* use of "force, threat of force, or physical obstruction," but only to such acts undertaken "**because that person [against whom the act it directed] is . . ., obtaining or providing reproductive health services**." 18 U.S.C. § 248(a)(1) (emphasis added). In other words, had these Defendants actually obstructed the entrance (which they did not, as the videotape plainly establishes and as Plaintiff tacitly concedes), they would only have violated FACE if they had done so because someone was seeking or providing "reproductive health services (i.e., an abortion). Thus, had a clinic employee obstructed the entrance because she was upset about a new condition of employment rather than "because that person is obtaining or providing reproductive health services," she would not violate FACE. It is

3

the *motive* of the actor that determines whether FACE applies; examination of the content of the message is necessary before the Act may be enforced. FACE is therefore a content-based regulation of speech, and it cannot survive strict scrutiny. FACE is unconstitutional.

### III. PLAINTIFF HAS FAILED TO ADDUCED ADMISSIBLE EVIDENCE SUFFICIENT TO ESTABLISH A PRIMA FACIE CASE FOR A FACE CLAIM.

Additionally, while Plaintiff boasts that this Court's entry of a preliminary injunction proves that it has established a prima facie FACE claim, the TPPA requires that a determination as to the merits of the claim be made on the basis of "*admissible evidence.*" Tenn. Code Ann. § 20-17-105(d) (emphasis added). The evidence adduced by Plaintiff at the preliminary injunction is riddled with hearsay and inadmissible evidence. *See*, *e.g.*, Decl. of Sarah Miller (attaching as exhibits three alleged and unauthenticated Facebook Live videos of Bevelyn Williams, uncertified alleged arrest report of Chester Gallagher, an alleged "Violence and Disruption Statistics Report" from the National Abortion Federation, which is itself a necessary witness in this case and thus biased and conflicted); Plaintiff's Ex. A, Decl. of Jane Doe (she "interpreted" pro-life signs and messages as "designed to threaten and intimidate" -- subjective and inadmissible conclusory statement; Compl., Ex. 2, Decl. Davidson (claiming DC Mullins told her "OSA was planning on occupying hallways of Carafem "sometime soon" – obviously hearsay; also claiming her "intelligence" suggested the At The Well Defendants were "closely associated with" OSA – inadmissible conclusory statements); etc., etc. While Plaintiff has certainly introduced evidence, Plaintiff has *failed* to adduce sufficient *admissible* evidence to support its FACE claim.

### IV. PLAINTIFF HAS NOT ESTABLISHED A PRIMA FACIE CASE FOR TRESPASS OR PRIVATE NUISANCE.

Plaintiff claims the right to assert a trespass claim even though it admits it was not the owner of the building and that the space is shared by several tenants. ECF 77 at 14-15. But

Plaintiff's authorities do not support its claim. *Ellis v. Pauline S. Sprouse Residuary Tr.*, 280 S.W.3d 806, 808 (Tenn. 2009) was a contract dispute, not a trespass case. In addition, the lessee there did not share the property with other tenants, so the case is distinguishable.[1] In fact, a trespass claim asserted by a single tenant does not lie in a multi-tenant facility. *See*, *e.g.*, *United States v. Sweeney*, 821 F.3d 893, 900 (7th Cir. 2016) (no trespass where tenant could not show "any form of exclusive control" over basement; basement was "a common space, used by a number of residents"); *State v. Talley*, 307 S.W.3d 723, 734 (Tenn. 2010) (no reasonable expectation of privacy for tenant in interior hallway in condominium, even though building was locked).

As for private nuisance, it is undisputed that the OSA Defendants were in compliance with the local sound ordinance. As such, the presumption is that it does not constitute a private nuisance. *See Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 419 (Tenn. 2013). Further, Plaintiff's own witness reveals that it was not the *volume* of the sound produced but the *message* conveyed to which the clients objected: Jane Doe testified that "**[t]he sound of babies crying** was incredibly upsetting to patients and carafem staff alike." (Emphasis added). She did not complain that it was too loud, but that it was "incredibly upsetting."

## CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

---

[1] The same is true of the other cases cited by Plaintiff, *Morrow v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, 2020 WL 5106763 (M.D. Tenn. Aug. 31, 2020), and *Whitford v. Vill. Groomer & Animal Inn, Inc.*, 2021 WL 4240989 (Tenn. Ct. App. 2021). Neither of these cases involved a tenant in a multi-tenant building.

Respectfully submitted,

/s/Stephen M. Crampton
Stephen M. Crampton
Senior Counsel
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

Larry L. Crain, Esq.
5214 Maryland Way
Suite 402
Brentwood, TN 37027
Voice: (615) 376-2600
Fax: (615) 376-2626
Mobile: (615) 300-3767
larry@crainlaw.legal
www.crainlaw.legal

*Counsel for Defendants Operation Save America, Jason Storms, Matthew Brock, Coleman Boyd, Frank "Bo" Linam, and Brent Buckely*

# CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2022, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and that a copy of the foregoing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

In addition, a true and correct copy of the foregoing will be served as follows:

**Via U.S. Mail**
Aaron J. Hurley
11401 Washington Pl Apt J
Los Angeles, CA 90066-5051

**Via U.S. Mail**
Edmee Chavannes
9122 Integra Preserve Ct., #318
College Dale, TN 37363-4407

**Via U.S. Mail**
Chester "Chet" Gallagher
1145 Holloway Road
Lebanon, TN 37090

**Via U.S. Mail**
Bevelyn Z. Williams
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

**Via U.S. Mail**
Rickey Nelson Williams, Jr.
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

**Via U.S. Mail**
At The Well Ministries, Inc.
c/o Bevelyn Williams, Registered Agent
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

s/Stephen M. Crampton
Stephen M. Crampton