UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

**FEMHEALTH USA, INC., d/b/a CARAFEM**,

          Plaintiff,

v.

**RICKEY NELSON WILLIAMS, JR.; BEVELYN Z. WILLIAMS; EDMEE CHAVANNES; OPERATION SAVE AMERICA; JASON STORMS; CHESTER GALLAGHER; MATTHEW BROCK; COLEMAN BOYD; FRANK LINAM; BRENT BUCKLEY; and AJ HURLEY**,

          Defendants.

CAUSE NO. 3:22-cv-00565

JUDGE CAMPBELL

---

## PROPOSED MEMORANDUM IN SUPPORT OF OSA DEFENDANTS' MOTION TO STAY IN LIGHT OF PENDING CRIMINAL CASE

Defendants Operation Save America, Jason Storms, Matthew Brock, Coleman Boyd, Frank "Bo" Linam, and Brent Buckley, by and through counsel, submit this reply in support of their motion to stay proceeding pending resolution of appeal, and in response to the Court's order to "provide Defendants' legal and factual basis for arguing that a stay of this matter is appropriate given the pending criminal matter to which Defendants have referred." ECF 82.

"[D]istrict courts have broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (cleaned up). "The decision to stay a case requires an examination of the specific circumstances, taking into account the competing interests involved." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007).

1

As this Court recently noted, "a district court should consider the following factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Vision Real Est. Inv. Corp. v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:18-CV-00014, 2019 WL 7461198, at *2 (M.D. Tenn. Dec. 16, 2019).

And, importantly for the present case, "a district court should also consider the extent to which the defendant's fifth amendment rights are implicated." *Id.* (cleaned up).

### 1. The overlap between the criminal and civil cases is significant.

The issue of overlap between the criminal and civil cases is the "most important factor" due to the risk of self-incrimination. *Id.* (cleaned up). As noted in OSA Defendants' Reply in Support of their Motion to Stay (eECF 78), OSA Defendant, Coleman Boyd, and one other Defendant, Chester Gallagher, have been indicted in a parallel criminal case. *See United States of America v. Gallagher, et al.*, No. 3:22-00327 (M.D. Tenn. Oct. 3, 2022), ECF 3. The two cases significantly overlap. Indeed, the lead defendant is the same in both cases, Gallagher. *USA v. Gallagher* involves two of the same Defendants, involves an incident at the same carefem clinic, and is of course based on the same statute, the FACE Act, 18 U.S.C. § 248. Plaintiff carafem itself has put the events of the criminal incident at issue in the present case by submitting affidavits of employees who assert personal knowledge of the events alleged in the criminal indictment and have thus inserted them here. *See*, *e.g.*, ECF 50 (submitted by one of Plaintiff's attorneys and attaching a copy of the state criminal indictment of Mr. Gallagher);ECF 1, Ex. 1 ("Members of OSA, including Chet Gallagher, have previously been arrested for trespassing…at carefem"); ECF 1, Ex. 2 ( "[t]hrough intelligence

2

gathering, we were able to prepare the clinic for a possible 'interposition' by protesters, many of whom have a history of obstructing access to Carafem" and "I explained to [police] who the individuals were and my knowledge of their prior activity and arrest history.").

Thus, Plaintiff has, by its own filings, established the "existence of a nexus between the parallel proceedings sufficient to show that such proceedings are related and involve substantially similar issues . . . ." *Eastwood v. United States*, No. 2:06-CV-164, 2008 WL 5412857, at *2 (E.D. Tenn. Nov. 14, 2008). And since 18 U.S.C. § 248, as described by Plaintiff here, may be triggered if a "threat of force" existed (which, according to Plaintiff, may be determined by "whether the maker of the threat had made similar statements to the victim in the past; and whether the victim had reason to believe that the maker of the threat had a propensity to engage in violence" (*see* ECF 14 at 10)), Defendants Boyd and Gallagher cannot defend themselves against Plaintiff's allegations without addressing the March 5, 2021 event. *See* ECF 49, Ex. 1 at 3 ("Because *of our past experiences with OSA*, I felt intimidated and threatened when the OSA members approached the building door on July 26, 2022.") (emphasis added). *Cf Sikon v. Carroll County*, No. 5:20-CV-0674 (N.D. Ohio 2020) (granting stay after thoroughly analyzing situation, even though there was not even an indictment handed down); *Boerste v. Ellis, LLC*, No. 3:17-CV-298 (W.D. Ky. /2017) (granting stay where defendant had been indicted); *McGee v. Madison County*, No. 1:15-CV-01069 (W.D. Tenn. 2015) (district court granted defendant's (police officer) motion for stay pending DOJ investigation into officer's acts).

The first factor therefore weighs in favor of entry of the stay.

**2. The status of the case favors entry of the stay.**

The second factor, directing the court to consider the status of the case, includes whether the defendants have been indicted. "Although the strongest case for deferring civil proceedings occurs

where a party is under indictment for a serious offense involving the same matter, a pre-indictment stay of civil case that relates to a pending criminal investigation may be granted if the government is conducting an active parallel investigation." *Eastwood v. United States*, No. 2:06-CV-164, 2008 WL 5412857, at *4 (E.D. Tenn. Nov. 14, 2008) (cleaned up). "The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *SEC v. Dresser Indus., Inc*., 628 F.2d 1368, 1475-76 (D.C. Cir.) (en banc), *cert. denied*, 449 U.S. 993 (1980).

Here, Defendants Boyd and Gallagher were indicted on October 3, 2022. Moreover, although the indictment was not for precisely the same matter, as shown above it is remarkably close to the same matter. They are both FACE cases; the incidents at issue both occurred at the same carafem clinic; both incidents involve allegations of the same type of alleged wrongdoing; and some of the witnesses appear to be the same. In addition, given the severity of the criminal charges – conspiracy to violate FACE in addition to violation of FACE itself, with penalties up to 11 years in the penitentiary and up to $260,000 in fines – failure to enter the stay could have catastrophic consequences for these two Defendants in the event something said or done in the civil case negatively impacts the criminal case. *See U.S. v. U.S. Currency*, 626 F.2d 11 (6th Cir. 1980) (containing lengthy discussion of requirement that district court attempt to prevent injury to a defendant invoking the Fifth Amendment and noting that a stay was one option for achieving that goal); *see also Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979) (reversing district court grant of CBS' (as plaintiff) motion to grant judgment against Wehling because Wehling

4

invoked his Fifth Amendment right to not answer questions in discovery and requiring consideration of injury to defendant).

Further, broad application of the federal conspiracy statute (18 U.S.C. § 241) alongside FACE Act allegations, as in *Gallagher*, portends a sweeping expansion of criminal charges, without a limiting principle, and foreseeably (and wrongly) could include allegations similar to those advanced in the present case. As stated above, such a charge carries a punishment of up to ten years, illustrating a new desire to chill protected First Amendment activities by threatening grave consequences. Indeed, in the wake of the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.,* 142 S. Ct. 2228 (2022), the Department of Justice has weaponized the FACE Act against pro-life defendants, with a stunning 26 charges in 2022, as compared to only four in 2021, and thirteen in the entire preceding decade.[1] Many of these charges are coupled with charges under 18 U.S.C. § 241 as well. Given these overzealous and chilling trends, OSA Defendants, and indeed this Court, have every reason to scrupulously protect their rights in the present case. Forcing Defendants to address the present charges in this civil matter will severely undercut their rights in the existing similar criminal matter, as well as any potential criminal matters, and with dire consequences, particularly in light of the Government's "active parallel investigation." *Eastwood,* 2008 WL 5412857, at *4.

Under these circumstances, the second factor weighs in favor of entry of the stay.

**3. The interest of and prejudice to the Plaintiff, when considered in light of the interest of and prejudice to the Defendants, weighs in favor of granting the stay.**

The third and fourth factors compare the interests and prejudices of the Plaintiff against those of the Defendants. "Typically, the party seeking the stay is the defendant in both the civil and criminal action." *Vision Real Est. Inv. Corp.*, No. 3:18-CV-00014, 2019 WL 7461198, at *3. Here, there is a

---

[1] Mary Margaret Olohan, *DOJ's Kristen Clarke: A Pro-Abortion Activist Enforcing the Law Against Pro-Lifers,* Daily Signal (Oct. 26, 2022), https://www.dailysignal.com/2022/10/26/dojs-kristen-clarke-pro-abortion-activist-enforcing-law-pro-lifers/.

5

clear burden on the two Defendants in respect to their Fifth Amendment privileges. This case is distinct from that of *Vision Real Est. Inv. Corp.* because the Defendants in this civil case are also the Defendants in the criminal proceeding. The criminal case is still in its initial stages, as Defendant Gallagher has not yet been transported back to Tennessee for a bond hearing and no deadlines have been set. Nevertheless, the risk of harm, to these two Defendants, at least, is so grave, and the prejudice to Plaintiff is so slight (indeed, virtually nonexistent, given the existence of the preliminary injunction) that the balance weighs heavily in favor of entering the stay.

**4. The interest of the Court in docket management also favors entry of the stay.**

The fifth consideration considers "the interest of the court in docket management and the expeditious resolution of cases." *Vision Real Est. Inv. Corp.*, No. 3:18-CV-00014, 2019 WL 7461198, at *3, citing *Chao v. Fleming*, 498 F.Supp.2d 1034, 1040 (W.D. Mich. 2007). The Court also considers the potential expenditure of time and resources to determine the precise contours of Defendants' Fifth Amendment Rights. *Fleming*, 498 F.Supp.2d at 1040. Here, without a stay, the Court may be burdened with having to repeatedly hear Defendants' assertions of their Fifth Amendment rights and entertain numerous motions objecting to certain discovery requests. Conversely, the criminal case may reduce or even eliminate the need for discovery, and may also address the constitutionality of the FACE Act, alleviating the burden on this Court to address that weighty issue. In addition, the result of the criminal case could result in a settlement of this case or perhaps even render this case entirely unnecessary. *See Fleming*, 498 F.Supp.2d at 1040. Additionally, to assist with the Court's case management burden, Defendants can advise the Court to the developments in the criminal case.

Once again, the fifth factor weighs in favor of entry of the stay.

### 5. The public interest favors entry of a stay.

Finally, the Court examines how the stay will affect the public interest. *Vision Real Est. Inv. Corp*, No. 3:18-CV-00014, 2019 WL 7461198, at *3. Here, the public interest will be served by granting a stay, because "while criminal prosecutions can take some time to complete, a stay would not necessarily delay enforcement of the public interests 'because a criminal prosecution serves to enforce those same interests.'" *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1038 (W.D. Mich. 2007) (citing *Brock v. Tolkow*, 109 F.R.D. 116, 121 (E.D.N.Y.1985)). Moreover, a stay would allow the appellate court to address the legal issues raised by these Defendants as well, which in turn would likely narrow the issues remaining for this Court while at the same time inflicting no harm to the Plaintiff, which remains protected by the existing injunction.

WHEREFORE, the OSA Defendants respectfully move the Court for entry of an order staying the proceedings below pending final resolution of the appeal of the preliminary injunction order and resolution of the pending criminal case, and for such other and further relief to which they may be entitled.

Respectfully submitted this 26th day of October, 2022.

/s/Stephen M. Crampton
Stephen M. Crampton
Senior Counsel
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

and

Larry L. Crain, Esq.
5214 Maryland Way
Suite 402
Brentwood, TN 37027
Voice: (615) 376-2600
Fax: (615) 376-2626
Mobile: (615) 300-3767
larry@crainlaw.legal
www.crainlaw.legal

*Counsel for Defendants Operation Save America, Jason Storms, Matthew Brock, Coleman Boyd, Frank "Bo" Linam, and Brent Buckley*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2022, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and that a copy of the foregoing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

In addition, a true and correct copy of the foregoing will be served as follows:

**Via U.S. Mail**
Aaron J. Hurley
11401 Washington Pl Apt J
Los Angeles, CA 90066-5051

**Via U.S. Mail**
Chester "Chet" Gallagher
1145 Holloway Road
Lebanon, TN 37090

**Via U.S. Mail**
Rickey Nelson Williams, Jr.
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

**Via U.S. Mail**
Edmee Chavannes
9122 Integra Preserve Ct., #318
College Dale, TN 37363-4407

**Via U.S. Mail**
Bevelyn Z. Williams
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

**Via U.S. Mail**
At The Well Ministries, Inc.
c/o Bevelyn Williams, Registered Agent
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363

/s/Stephen M. Crampton
Stephen M. Crampton