IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEMHEALTH USA, INC., d/b/a carafem, | ) ) ) |
| Plaintiff, | ) )  NO. 3:22-cv-00565 |
| v. | ) )  JUDGE CAMPBELL ) MAGISTRATE JUDGE FRENSLEY |
| RICKEY NELSON WILLIAMS, JR., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Stay Proceedings Pending Resolution of Appeal filed by Defendants Operation Save America National Inc. ("OSA"), Jason Storms, Matt Brock, Coleman Boyd, Brent Buckley, and Frank "Bo" Linam (collectively, the "OSA Defendants"). (Doc. No. 70). Plaintiff FemHealth USA, Inc. ("Plaintiff" or "carafem") filed a response in opposition. (Doc. No. 76). The OSA Defendants filed a reply (Doc. No. 78), in which they informed the Court that after they filed the motion to stay, "some of the Defendants in this civil action have been indicted in a criminal case brought by the Department of Justice alleging violations of the FACE Act." The Court ordered Defendants to file additional briefing on the impact of the criminal indictment on the request for a stay no later than October 25, 2022, with Plaintiff to respond by November 1, 2022 (Doc. No. 82). The parties have filed additional briefing addressing the impact of the criminal indictment (Doc. Nos. 84-1, 87).[1]

---

[1] The OSA Defendants' brief was filed one-day late and accompanied by a motion for leave to file out of time (Doc. No. 84), which was granted. (*See* Doc. No. 89).

For the reasons stated below, the OSA Defendants Motion to Stay Proceedings is **DENIED**.

## I. BACKGROUND

Plaintiff brought this action against twelve defendants: Rickey Nelson Williams, Jr., Bevelyn Z. Williams, Edmee Chavannes, Operation Save America ("OSA"), Jason Storms, Chester Gallagher, Matthew Brock, Coleman Boyd, Frank "Bo" Linam, Brent Buckley, and AJ Hurley (collectively, "Defendants"), alleging that they violated the Freedom of Access to Clinic Entrances Act ("the FACE Act"), 18 U.S.C. § 248, by engaging in conduct that "constitutes physical obstruction that intentionally interfered with persons, or an attempt to interfere with such persons, because they were or had been obtaining or providing reproductive health services at carafem." (Doc. No. 1 at 10).[2]

The Court entered a preliminary injunction enjoining Defendants from entering the property on which Plaintiff's facility is located and from obstructing, intimidating, or interfering with any person because that person is obtaining or providing reproductive health services from Plaintiff's facility. (Doc. No. 66). The OSA Defendants appealed the Court's Preliminary Injunction Order; that appeal is currently pending before the Court of Appeals for the Sixth Circuit. (*See* Doc. No. 68).

---

[2] Throughout this case, the OSA Defendants have been the only Defendants represented by counsel. After the briefing on this motion was complete, on November 2, 2022, Kristin Fecteau Mosher entered an appearance on behalf of Defendant AJ Hurley. (Doc. No. 88). Mr. Hurley has not responded to the pending motion or made any other filings in this case. The remaining Defendants, Rickey Nelson Williams, Jr., Bevelyn Z. Williams, Edmee Chavannes, Chester Gallagher, and At The Well Ministries, have not appeared or participated in this lawsuit.

2

## II. STANDARD OF REVIEW

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *FTC v. EMA Nationwide*, 767 F.3d 611 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Ct., S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977)). "[N]othing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment." *Id.* (quoting *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich. 2007)). While the Court has the inherent discretionary power to stay proceedings as part of its ability to manage its docket, it must "tread carefully" in granting a motion to stay, because every party has a "right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396 (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *see also Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (same).

To determine whether to stay civil proceedings, a district court considers the following factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *See EMA Nationwide*, 767 F.3d at 627; *see also*, *Does #1-3 v. Lee*, No. 3:19-cv-00532, at * 1 (M.D. Tenn. Feb. 18, 2020) (considering similar factors in the absence of a criminal indictment). Regardless of the reason for requesting the stay,

the burden to demonstrate a stay is warranted is always on the party seeking the stay. *EMA Nationwide*, 767 F.3d at 628.

Plaintiff asserts the Court should consider the factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009). Under *Nken*, which considered whether to stay enforcement of a judgment pending appeal, the Court considers whether the proponent of the stay has made a strong showing of likelihood of success on the merits of the appeal, whether the applicant will be irreparably harmed absent a stay, whether issuance of a stay will substantially injury the other parties, and the public interest. *Id*. at 434. Because Defendants do not seek to stay a judgment or court order, the Court need not assess Defendant's likelihood of success on appeal, nor must Defendant show irreparable harm absent the stay. The other factors, however, are substantially the same, with the Court considering the relative benefits and burdens of a stay on the parties, the court, and the public.

### III.   ANALYSIS

#### A.  The Criminal Case

"[T]he strongest case for deferring civil proceedings until after the completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1475-76 (D.C. Cir.)(en banc), *cert. denied*, 449 U.S. 993 (1980).

On October 3, 2022, approximately two months after Plaintiff filed this civil case, the United States indicted eleven individuals on criminal charges alleging violation of the FACE Act arising out of alleged conduct at the carafem facility in March 2021.[3] *See United States v. Gallagher*, Case No. 3:22-cr-00327, Doc. No. 3 (M.D. Tenn. Oct. 3, 2022). Two of the eleven indicted defendants in *Gallagher*, Chester Gallagher and Coleman Boyd, are defendants in the instant civil case. Coleman Boyd has entered an appearance in this action and is a party to the instant motion. Chester Gallagher has not entered an appearance in this case.

The criminal indictment concerns an incident at the same carafem clinic over a year before the conduct at issue in this case. Both cases are based on violations of the FACE Act, though the civil case also includes common law tort claims of trespass, assault, and nuisance. (*See* Am. Compl., Doc. No. 38). The OSA Defendants acknowledge that the Indictment is based on separate conduct, but argue that the March 2021 conduct is relevant to the civil claim here because it could be used to show that a "threat of force" existed based similar threats in the past. (Doc. No. 84-1).

The Court finds there is only minor overlap between the criminal and civil cases. While it may be the case that evidence related to the conduct charged in *Gallagher* is relevant to the civil case, strictly speaking the civil claims do not involve the same conduct as the criminal case. Moreover, only two of the twelve defendants in the civil case are defendants in *Gallagher*, and only one is a party to the motion to stay. Accordingly, the overlap between this case and the criminal case against Mr. Boyd and Mr. Gallagher does not weigh in favor of a stay.

---

[3] Not all defendants were charged with both counts of the Indictment. However, Chester Gallagher and Coleman Boyd, both defendants in this case, were charged in both counts.

## B. Plaintiff's Interest

Plaintiff argues that if this case is stayed pending appeal, not only will carafem be denied timely adjudication of its claims, but also will risk loss of evidence and fading memories. Plaintiff also raises the potential inequity of staying fact development in the underlying case due to the criminal indictment, while the OSA Defendants pursue factual argument on appeal. The OSA Defendants assert that because they are not seeking a stay of the preliminary injunction, Plaintiff will not be prejudiced by a stay.

The Court disagrees. The Plaintiff has an interest in timely adjudication of its claims, not all of which are addressed by the preliminary injunction. (*See* Am. Compl., Doc. No. 38; Prelim. Inj. Order, Doc. No. 66). Accordingly, consideration of the Plaintiff's interests weighs against a stay.

## C. OSA Defendants' Interest

The OSA Defendants argue that a stay of proceedings would serve the interests of justice because discovery and pretrial motions are "potentially unnecessary" and do not need to be resolved as long as the injunction is in place. (Doc. No. 71 at 3). In addition, the OSA Defendants argue that because some of the defendants have not yet entered an appearance, there is a risk of duplicative discovery and motions and of prejudice to those defendants. (*Id.*). The OSA Defendants also argue that the decision on appeal will provide guidance on the merits of this case, potentially paving the way to resolving the case short of trial. (*Id.*).

With regard to the impact of the criminal proceedings, as an initial matter, the Court notes that Coleman Boyd is the only one of the movants who is also a defendant in the criminal case.[4] Mr. Boyd is concerned that "something that is said or done in the civil case" could negatively impact his criminal case. (Doc. No. 84-1 at 4). He also notes general concerns about the breadth of civil discovery as compared to criminal discovery, the potential for overlapping witnesses, and the implication on his Fifth Amendment privilege. (*Id*.).

Plaintiff responds that the OSA Defendants' assertion that the decision on appeal will "provide significant and perhaps determinative guidance … on the merits of the case," is purely speculative. Plaintiff argues there is no reason to wait for a decision on the appeal of the Preliminary Injunction Order because even if the Court's Order is reversed, the litigation and attendant discovery and motion practice will proceed. To the extent that proceeding with the case before all of the defendants have entered an appearance results in some duplication of discovery or prejudice to those defendants, Plaintiff argues that the failure of certain defendants to appear and participate in the lawsuit is entirely their own responsibility and is not cause to delay proceedings as to the remaining defendants.[5] As to the impact of the civil case on the criminal proceedings against Mr. Boyd, Plaintiff argues that Mr. Boyd will continue to enjoy the full protection of the Fifth Amendment, and any objections to discovery are not likely to overwhelm the docket given that Mr. Boyd is but one of twelve defendants in the civil case.

---

[4] Counsel for the OSA Defendants do not represent Mr. Boyd or Mr. Gallagher in the criminal case. However, they are counsel for another of the criminal defendants, Paul Vaughn. *See Gallagher*, Case No. 3:22-cr-00327, Doc. Nos. 34 and 97.

[5] It is undisputed that all Defendants have been properly served. (*See* Docket Nos. 25-35).

The OSA Defendants' primary argument in support of a stay of proceedings is that a stay is in the interests of judicial economy. While this is most relevant to the Court's interest, inefficient proceedings will affect all of the parties. Here, however, there is little indication that a stay of proceedings is likely to promote efficiency or further the interests of judicial economy.

The Sixth Circuit's ruling on the Injunction Order is not likely to obviate the need for discovery and motion practice. Despite the OSA Defendants' assertion, the Sixth Circuit's decision on the narrow issue of the Preliminary Injunction is unlikely to "provide significant and perhaps determinative guidance … on the merits of the case." (Doc. No. 71 at 3). There is no reason to believe that the decision will even "narrow the issues remaining for this Court to decide," as the OSA Defendants argue is the minimum likely outcome. (Doc. No. 71 at 3-4). Rather, the issue presented on appeal to the Sixth Circuit is whether the Preliminary Injunction restricting Defendants' presence at carafem's facility should remain in place. (*See* Prelim. Inj. Order, Doc. No. 66; Notice of Appeal, Doc. No. 68). Such ruling will not affect the adjudication of carafem's underlying claims, two of which (trespass and nuisance) are not addressed by the Preliminary Injunction Order. (*See* Am. Compl., Doc. No. 38; Prelim. Inj. Order, Doc. No. 66). At most, a stay until the Sixth Circuit rules will delay discovery and motion practice, and the OSA Defendants have not explained why a delay would be beneficial to anyone but themselves.

With regard to Mr. Boyd's interest, as discussed above, the civil and criminal cases only marginally overlap. Importantly, Mr. Boyd will remain able to assert his Fifth Amendment privilege in this case. Although the Court finds Mr. Boyd's concerns have some merit, on the whole, the OSA Defendants' interests do not weigh in favor of a stay of proceedings.

### D. Interests of the Court and the Public

The OSA Defendants argue that the court's interest in docket management, the expeditious management of cases, and the potential expenditure of time to resolve the precise contours of Mr. Boyd's (and potentially Mr. Gallagher's) Fifth Amendment privilege, counsels in favor of a stay. (Doc. No. 84-1 at 6). They suggest that allowing the criminal case to be fully resolved before proceeding with the civil case may "reduce or eliminate the need for discovery," could result in a "settlement of this case," or "render this case entirely unnecessary." (*Id*.). The OSA Defendants' add that a stay would allow the constitutionality of the FACE Act to be considered in the criminal case, "alleviating the burden on this court to address that weighty issue." (*Id*.).

As discussed above with regard to the OSA Defendants' interests, the Court is not persuaded that a stay of proceedings will promote judicial economy, particularly given the potential length of the stay and the unlikelihood that a stay would simplify issues in this case. There is no certainty that the decision on appeal will, as the OSA Defendants suggest, obviate the need for discovery and motion practice. Nor does the Court anticipate that the docket will be bogged down by assertions of privilege by Mr. Boyd and Mr. Gallagher. Although the OSA Defendants initially requested a stay pending appeal of the Preliminary Injunction Order, to the extent they request a stay pending complete resolution of the criminal case, such a stay could be much longer, and they offer no explanation regarding how a stay pending resolution of the criminal case would "eliminate the need for discovery" or render this case "entirely unnecessary."

Finally, the public interest will not be served by a stay of proceedings. "The public has an interest in the prompt resolution of the cases that will be tried in [their] District." *Tipton v. CSX*

*Transp., Inc.*, 2017 WL 4583248, at *7 (E.D. Tenn. Oct. 13, 2017) (quoting *In re Polyurethene Foam Antitrust Litig.*, 2014 WL 12591692, at * 4 (N.D. Ohio May 16, 2014)).

## IV. CONCLUSION

For the reasons stated, the Court finds the OSA Defendants have not shown a stay of proceedings is warranted. Accordingly, the Motion to Stay Proceedings (Doc. No. 70) is **DENIED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE