# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FEMHEALTH USA, INC. d/b/a CARAFEM, ) ) ) | |
| Plaintiff, ) | Case No. 3:22-cv-00565 |
| ) v. ) ) | Judge William L. Campbell, Jr. Magistrate Judge Jeffery S. Frensley |
| RICKEY NELSON WILLIAMS, JR; BEVELYN Z. WILLIAMS; EDMEE CHAVANNES; and AT THE WELL MINISTRIES, ) ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

Pending is Plaintiff's Motion for Entry of Default against Defendants Rickey Nelson Williams, Jr., Bevelyn Z. Williams, Edmee Chavannes, (collectively the "Individual Defendants") and At The Well Ministries, Inc. ("ATWM") pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 136). For the following reasons, Plaintiff's Motion is **GRANTED in part and DENIED in part.**

Plaintiff filed this action against the Individual Defendants on July 29, 2022. (Doc. No. 1). As reflected in Proof of Service declarations filed by Plaintiff, Edmee Chavannes, was personally served with process on August 2, 2022. (Doc. No. 29). Summonses were returned for Bevelyn Z. Williams and Rickey Nelson, Jr. on August 29, 2022. (Doc. Nos. 44 and 45, respectively). Both Summonses include Proof of Service Declarations indicating that the Williams Defendants were personally served on August 26, 2022. *Id.* On September 15, 2022, Plaintiff filed an Affidavit and

1

Endorsement from the Tennessee Secretary of State evidencing proof of service upon ATWM's New York registered agent for service on Process on September 3, 2022. (Doc. No. 72).

On November 11, 2023, Plaintiff filed the pending Motion for Entry of Default. (Doc. 136). On November 22, 2023, the Individual Defendants responded by filing three identical Motions to Deny Default Judgment. (Doc. Nos. 137, 138, 139). Plaintiff filed a Reply on November 29, 2023. (Doc. No. 140). The Individual Defendants responded by filing three identical documents titled "Response to Motion for Entry of Default Judgment." (Doc. Nos. 141, 142, and 143).

On April 11, 2024, Plaintiff filed a Notice of Filing Supplemental Declaration in Support of Motion for Entry of Default Judgment. (Doc. 151). Plaintiff's Motion for Entry of Default is supported by the Declaration of Sarah Miller and the Supplemental Declaration of Sara Miller. (Doc. No. 151-1).

Plaintiff contends that it is entitled to entry of default as to the ATVM because, despite being served, it has failed to respond or otherwise defend this action. The Clerk agrees and finds entry of default appropriate.

With regard to the Individual Defendants, the crux of Plaintiff's argument is that it is entitled to entry of default because the Individual Defendants have "failed to file any answer, responsive pleading, or participate meaningfully in defense of this action." (Doc. No. 151-1 at ¶ 7). Upon review of the record, the Clerk concurs with Plaintiff that the Individual Defendants have not filed a responsive pleading; however, that is only part of the analysis.

"Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). When evaluating whether to enter default pursuant to Federal Rule of Civil Procedure 55(a), the Clerk must ascertain whether a party has filed a responsive pleading or motion, or whether the defendant has taken any action to "otherwise defend." "The words 'otherwise defend' presume

the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." *Wickstrom v. Ebert*, 101 F.R.D. 26, 32 (E.D. Wis. 1984). "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default . . .. There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits." *Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110, at *2 (D. Neb. June 24, 2008) (internal citations omitted).

The Clerk must also take into consideration the Individual Defendants' *pro se* status when evaluating whether their filings are sufficient to defeat Plaintiff's Motion. Courts have a duty to "liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). In that light and considering the strong public policy in favor of trial on the merits, the Clerk finds that the Individual Defendants have articulated their vigorous opposition to the Motion and an express intent to defend this action. Accordingly, the Clerk finds entry of default inappropriate at this stage.

In conclusion, the Clerk **GRANTS** Plaintiff's Motion for Entry of Default (Doc. No. 136) as to At The Well Ministries, Inc., but **DENIES** Plaintiff's Motion as to Rickey Nelson Williams, Jr., Bevelyn Z. Williams, and Edmee Chavannes.[1]

                s/ Lynda M. Hill
                Lynda M. Hill
                Clerk of Court

---

[1] The Deputy Clerk is directed to terminate docket entry numbers 137, 138, and 139.