UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FEMHEALTH USA, INC., d/b/a CARAFEM,<br><br>Plaintiff,<br><br>v.<br><br>RICKEY NELSON WILLIAMS, JR.;<br>BEVELYN Z. WILLIAMS, JR.;<br>EDMEE CHAVANNES; and AT THE WELL MINISTRIES,<br><br>Defendants. | Civil Action No. 3:22-cv-00565<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Jeffery S. Frensley |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER STRIKING AVERMENTS AND DEEMING ALLEGATIONS ADMITTED OR REQUIRING DEFENDANTS TO AMEND THEIR ANSWERS**

Plaintiff FemHealth USA, Inc., d/b/a carafem (hereinafter, "carafem") states as follows in support of its Motion for Entry of an Order Striking Averments and Deeming Allegations Admitted or Requiring Defendants to Amend Their Answers ("Motion").

## BACKGROUND

Carafem filed its Complaint and Motion for a Temporary Restraining Order on July 29, 2022. (Dkt. Nos. 1–2.) The Court granted the Motion for a Temporary Restraining Order *ex parte* on that same date, and later extended the Temporary Restraining order both on August 2, 2022 and August 12, 2022. (Dkt. Nos. 9, 11, 36.) Carafem filed an Amended Complaint on August 19, 2022 (Dkt. No. 38). On November 17, 2023, having received no pleading from Defendants Bevelyn Williams, Rickey Nelson Williams, Jr., Edmee Chavannes (collectively, the "Individual Defendants"), or At the Well Ministries ("ATW"), carafem moved for entry of default against the remaining Defendants. (Dkt. No. 136.)

The Individual Defendants responded to carafem's Default Motion on November 20, 2023 (Dkt. Nos. 137, 138, 139), but still did not file an answer. ATW did not file a response to carafem's Default Motion. On April 11, 2024, the Clerk of Court entered an Order granting carafem's motion for default as it pertained to ATW, but denying it for the Individual Defendants. (Dkt. No. 152.) On May 2, 2024, more than twenty months after carafem filed the operative complaint, Defendants filed three documents, identical in substance, each titled "Answer to Amended Complaint" (Dkt. Nos. 163, 164, 165, collectively, the "Answer").[1] Even construed generously, the Answer does not meet the basic pleading requirements set forth in Federal Rule of Civil Procedure 8. Accordingly, carafem requests the Court strike the immaterial averments in the Answer and deem unanswered allegations admitted. In the alternative, carafem requests that the Court require Defendants to replead their Answer in compliance with Federal Rule of Civil Procedure 8.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 8(b)(1)(B) requires a defendant's answer to respond to each allegation." *Sapp v. CSX Transp., Inc.*, 2010 WL 4055951, at *2 (M.D. Tenn. Oct. 15, 2010), *aff'd in part*, 478 F. App'x 961 (6th Cir. 2012). Specifically, "Federal Rule of Civil Procedure 8 requires all provisions in a Complaint to either be admitted, denied, or responded that the defendant lacks information to form a specific belief." *Shearon v. Womack*, 2017 WL 6381432, at *2 (M.D. Tenn. Dec. 14, 2017). "An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). "Courts have concluded that 'other responses' not listed in Rule 8 are insufficient to constitute a denial, such as answers that neither admit nor deny but simply demand proof of the

---

[1] Defendants filed the Answer three times, but the three filings are identical and are each signed by all three Defendants. Accordingly, they will be referred to in the singular.

plaintiff's allegations." *Dawley v. Acme Block & Brick, Inc.*, 335 F.R.D. 122, 124 (M.D. Tenn. 2020) (cleaned up).

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). For purposes of Rule 12(f), "'[s]candalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Ciccio v. SmileDirectClub, LLC*, 2020 WL 2850146, at *5 (M.D. Tenn. June 2, 2020). "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (cleaned up). "District courts have ample discretion to strike filings under Rule 12(f), and their decisions are reviewed only for abuse of that discretion." *Schuchardt v. Bloomberg L.P.*, 2024 WL 1144226, at *10 (M.D. Tenn. Mar. 15, 2024) (citing *id.*).

## **ARGUMENT**

The Federal Rules plainly require Defendants to respond specifically to each allegation in Plaintiff's Complaint. Fed. R. Civ. P. 8(b)(1)(B). Carafem is entitled to know which allegations are admitted or denied, or which Defendants lack sufficient knowledge to admit or deny. Well aware of the latitude that is afforded *pro se* litigants, carafem is not pedantically seeking strict compliance with the Federal Rules for the sake of procedure. However, carafem's litigation strategy, including its approach to streamlined discovery, depends upon knowing what Defendants specifically admit or deny. A failure to adhere to the requirements of Rule 8 will prejudice carafem's ability to prosecute its claims – claims upon which this Court has already found carafem is likely to succeed on the merits, (*see* Dkt. 65, Mem. Op.). Below, carafem has identified certain

3

specific allegations from the Amended Complaint that Defendants appear to admit or fail to answer, in whole or in part, along with the corresponding portions of Defendants' Answer.[2] Carafem has identified deficient portions of Defendants' Answer only as to those allegations for which a clear admission or denial are essential for carafem to be able to prosecute its case.

The Court has authority to deem allegations admitted where they are not otherwise denied. *See AMI Stamping, LLC v. ACE Am. Ins. Co.*, 709 F. App'x 354, 359 (6th Cir. 2017) (finding no error where district court deemed allegations in the complaint which were not denied to be admitted). Accordingly, carafem requests that the Court deem each of the below allegations admitted except as specified otherwise. Alternatively, if the Court orders Defendants to amend their Answer, carafem requests that the Court specifically instruct Defendants to conform their Answer to the requirements of Rule 8(b).

1. **Amended Complaint ("AC") ¶¶ 1-18**. Defendants have provided no response at all to these Paragraphs in their Answer.

**Requested Relief:** Carafem requests that the Court deem these paragraphs admitted or, alternatively, order Defendants to amend their answer to Paragraphs 1-18 of the Amended Complaint to clearly admit or deny each portion of each paragraph.

2. **AC ¶ 30:** The next day, July 27, 2022, 30-35 individuals who are, on information and belief, members or affiliates of OSA, arrived at the medical building. Like the previous day, these individuals began protesting on the sidewalks outside the medical building property with graphic signs and megaphones. Davidson Decl. ¶ 13. The amplification was so loud that the protestors' broadcast intruded into patient rooms, where carafem staff were

---

[2] Carafem has made every effort to interpret the Answer in the manner intended by Defendants. Carafem has determined that, while Defendants do not respond to each line of the Amended Complaint with an admission or denial in the same numerical order, it appears that when they refer to a "line" number, Defendants are responding to the paragraph of that number. This appears to be true throughout the Answer with the exception of item 31 of Defendants' enumerated list, referring to "lines 7, 10, 11 and 13," which appears to refer back to Defendants' enumerated list and not allegations in paragraphs 7, 10, 11 and 13 of the Amended Complaint.

forced to yell over the threats and intimidation to complete patient care visits.  Doe Decl. ¶¶ 13-14.

**Answer:** **First Amendment Protections** - **Lack of Sound Ordinance** Regarding line 30; there was no sound ordinance for the public sidewalk. Also, signs are considered as a form of freedom of speech. ** Legal Statues** The First Amendment to the United States Constitution protects the right to free speech, including peaceful assembly and the display of signs as a form of expression.  This protection extends to public sidewalks, which are traditionally considered public forums where speech is highly protected [10]. ** Legal Statutes** legal context provided by the Tennessee Administrative Code, Tennessee Code, and Tennessee Court Rules supports the broad protections of free speech, including on university properties and other public forums, with specific guidelines on time, place, and manner restrictions that do not infringe upon the First Amendment rights [4][8][9][12]. These protections ensure that individuals and groups can engage in expressive activities, including protests, as long as they comply with applicable laws and regulations. **Hearsay Objections** line 13-30 claims of having to speak over protesters and claims of threats through megaphone are completely unfounded. Carafem was operating from the 2nd floor of a multi-business building located 30 feet away from the sidewalk. Why did Carafem assume they were targeted?  Could it be because they are in the business of murdering children? "Interfere with" means to restrict a person's freedom of movement.

**Requested Relief:**  Carafem requests that the Court deem ¶ 30 admitted except that it is denied as to the amplification being so loud that the protestors' broadcast intruded into patient rooms and denied as to carafem staff being forced to yell over the threats and intimidation to complete patient care visits or, alternatively, order Defendants to amend their answer to ¶ 30 of the Amended Complaint to clearly admit or deny each part of it.  Carafem also moves the Court to strike the highlighted portion of the Answer as procedurally improper legal argument and scandalous, irrelevant characterization of carafem.

3. **AC ¶ 31:** Later on July 27, 2022, Defendants Rickey Williams, Jr., Bevelyn Williams, and Edmee Chavannes were observed at a rally at City Hall in Nashville, TN organized by OSA.  Davidson Decl. at ¶ 15.  Defendant Storms, along with others, was a speaker at that rally.  Defendants Rickey Williams, Jr., Bevelyn Williams, and Edmee Chavannes are, on information and belief, close associates with OSA.  Davidson Decl. at ¶ 16.

   **Answer:** **Legal Basis** regarding line 31 Rule 402 of the Federal Rules of Evidence, which states that irrelevant evidence is not admissible; City Hall and Carafem are two totally different locations. Also **First Amendment Protections** - the activities in question are protected forms of expression under the First Amendment. **Signs as

> <mark>Freedom of Speech\*\* rallies and gatherings are protected by the first amendment.
> \*\*Association with Specific Groups\*\*,-</mark> Rickey Williams, Bevelyn Williams, and Edmee
> Chavannes are not "close" associates of OSA. Parties just have the same beliefs regarding
> abortion.

**Requested Relief:** Carafem requests that the Court deem ¶ 31 admitted except that it is denied as to Defendants being close associates with OSA or, alternatively, order Defendants to amend their answer to ¶ 31 of the Amended Complaint to clearly admit or deny each part of it. Carafem also moves the Court to strike the highlighted portion of the Answer as improper legal argument.

4. **AC ¶ 32:** On July 28, 2022, approximately 60 people who are, on information and belief, members or affiliates of OSA, including Defendants Rickey Williams, Jr., Bevelyn Williams, and Edmee Chavannes, arrived at the medical building. Like the previous day, these individuals began protest activities on the sidewalks outside the medical building property with graphic signs and megaphones. Wheeler Decl. at ¶ 15. The OSA protestors lined the sidewalks and played a crying baby over large speakers that were aimed at the facility. Patients had a difficult time hearing and understanding carafem staff during their healthcare appointments and were visibly upset by the noise. Davidson Decl. ¶ 17; Wheeler Decl. ¶ 15; Doe Decl. ¶ 15.

   **Answer:** \*\*False Claims\*\* regarding line 32; Rickey Williams, Bevelyn Williams, and Edmee Chavannes operate from a separate entity, At the Well Ministries, Inc.\*\*Legal Analysis\*\* There is a severe lack of legal evidence of membership or association with OSA.

**Requested Relief:** Carafem requests that the Court deem ¶ 32 admitted except that it is denied as to Defendants being associates with OSA or, alternatively, order Defendants to amend their answer to ¶ 32 of the Amended Complaint to clearly admit or deny each part of it.

5. **AC ¶ 33:** At approximately 11:20am on July 28, 2022, Defendants Rickey Williams, Jr., Bevelyn Williams, and Edmee Chavannes entered into the medical building and proceeded to the second-floor hallway where carafem's suite is located, though they had no medical or other business purpose in the building. Defendant Bevelyn Williams filmed Defendants Rickey Williams, Jr., Edmee Chavannes, and Defendant Bevelyn Williams' attempts to enter Plaintiff's clinic and subsequent blocking of the clinic entrance. Wheeler Decl. at ¶ 16; Davidson Decl. at ¶ 18.

   **Answer:** \*\*Addressing Partial Truths and Context\*\* defendants Rickey Williams, Bevelyn Williams and Edmee Chavannes did go to the second floor seeking permission to

enter the clinic as the front door is a buzz lock entrance. **Partial Truths and False Claims** Although the other half of the complaint is false. The defendants did not block the door entrance, nor was there anyone attempting to go in or out within the defendants' purview.

**Requested Relief:** Carafem requests that the Court deem ¶ 33 admitted except that it is denied as to Defendants having blocked the clinic entrance or, alternatively, order Defendants to amend their answer to ¶ 33 of the Amended Complaint to clearly admit or deny each part of it.

6. **AC ¶ 35:** When denied entrance, Defendant Bevelyn Williams threatened on video, "Now either they [are] gonna let us in or we take this whole building down. It's up to them." She then got even more specific with her threats, stating, "We are trying to see if they let us into the office, into carafem. But if not, we are just going to terrorize this whole building." Wheeler Decl. at ¶ 18.

    **Answer:** **Out of Context Statements** regarding line 35; defendant Bevelyn Williams' statements were taken out of context. Discovery will show that her statements were based off of spiritual "prayer" and proclamation, not physical threats. Nor is there any proof showing an attempt to physically execute alleged "threats".

**Requested Relief:** Carafem requests that the Court deem ¶ 35 admitted or, alternatively, order Defendants to amend their answer to ¶ 35 of the Amended Complaint to clearly admit or deny each part of it.

7. **AC ¶ 36:** As they had earlier in the week, during this time, carafem staff brought patients from the waiting room and into a secure location behind locked doors and called the police. Wheeler Decl. at ¶ 19.

    **Answer:** **Sustained** line 36.

**Requested Relief:** Carafem requests that the Court deem ¶ 36 admitted or, alternatively, order Defendants to amend their answer to ¶ 36 of the Amended Complaint to clearly admit or deny each part of it.

7

8. **AC ¶ 37:** For over six minutes, Mt. Juliet police personnel attempted to remove Defendants Rickey Williams, Jr., Bevelyn Williams, and Edmee Chavannes from the hallway. Defendants were screaming at the clinic and visitors to the medical building and refusing to comply with the police during this time. Eventually, police personnel escorted the Defendants from the building. Wheeler Decl. at ¶ 20; Davidson Decl. at ¶ 18.

   **Answer:** **True Statement** regarding line 37; Rickey Williams, Bevelyn Williams, and Edmee Chavannes were requested to leave the premises by the police or be arrested for trespassing. The defendants complied and were escorted out without arrest.

**Requested Relief:** Carafem requests that the Court deem ¶ 37 admitted or, alternatively, order Defendants to amend their answer to ¶ 37 of the Amended Complaint to clearly admit or deny each part of it.

9. **AC ¶ 38:** During this time, at least one carafem patient was unable to enter the clinic suite. This patient reported to clinic staff that when Defendants Rickey Williams, Jr., Bevelyn Williams, and Edmee Chavannes were in front of the clinic entrance, she had been hiding down the second-floor hallway, around a corner so as to remain unseen and so they could not accost her. Wheeler Decl. at ¶ 21.

   **Answer:** **False Claim** regarding line 38; the patient chose to hide unbeknownst to the Defendants. They were unaware that there was an alleged patient who was trying to enter the clinic. It was supposedly later that the clinic found out about her and how she chose to hide on her own volition. If the defendants had known that the purported patient was present, they would have no control over her decision to hide. In her attempt to enter the clinic, defendants would not have obstructed her entry. She claimed in her own statement that she remained unseen, which confirms the defendants' stance. "Physical obstruction" means rendering ingress to or egress from a reproductive health services facility impassable to another person or rendering passage to or from a reproductive health services facility unreasonably difficult or hazardous to another person.

**Requested Relief:** Carafem requests that the Court deem ¶ 38 admitted or, alternatively, order Defendants to amend their answer to ¶ 38 of the Amended Complaint to clearly admit or deny each part of it.

10. **AC ¶ 40:** Patients at carafem remained on lockdown for 35-45 minutes. Wheeler Decl. at ¶ 19. During the lockdown, carafem staff and patients heard some Defendants screaming in the hallway and other Defendants yelling and broadcasting the sounds of babies' cries from outside, leading them to feel attacked from all sides. Doe Decl. ¶ 21.

**Answer:** **Partial Truths****Claim Sustained** regarding lockdown in line 40, line 19 is irrelevant regarding Rickey Williams, Bevelyn Williams and Edmee Chavannes who left premises immediately after being escorted out by police. They were nowhere near the vicinity.

**Requested Relief:** Carafem requests that the Court deem ¶ 40 admitted or, alternatively, order Defendants to amend their answer to ¶ 40 of the Amended Complaint to clearly admit or deny each part of it.

11. **AC ¶ 41:** A few hours later on July 28, 2022, Defendants Rickey Williams, Jr., Bevelyn Williams, and Edmee Chavannes attempted to enter another reproductive health facility and were arrested. Davidson Decl. at ¶ 19. When being placed under arrest by Metro Nashville Police personnel, Defendant Rickey Williams, Jr. was found to have a firearm concealed in his waistband. *Id*.

    **Answer:** **Irrelevant Claims**: regarding line 41; protesting at Planned Parenthood has nothing to do with Carafem. Two separate locations, times and situations.

**Requested Relief:** Carafem requests that the Court deem ¶ 41 admitted or, alternatively, order Defendants to amend their answer to ¶ 41 of the Amended Complaint to clearly admit or deny each part of it.

12. **AC ¶ 45:** Unless Defendants are restrained by this Court, Defendants will continue to engage in the illegal conduct averred herein.

    **Answer:** **No Comment** line 45.

**Requested Relief:** Carafem requests that the Court deem ¶ 45 admitted or, alternatively, order Defendants to amend their answer to ¶ 45 of the Amended Complaint to clearly admit or deny each part of it.

13. **AC ¶ 53:** ATW Defendants entered the medical building without lawful authority or a legal right to do so, and attempted to enter the carafem clinic by fraudulently purporting to seek health services.

9

**Answer:** **False Claims** regarding line 53; the building is not a medical building. It is a multi-business industrial zoned building servicing many businesses. As mentioned in line 34, Rickey Williams, Bevelyn Williams, and Edmee Chavannes requested entry and were denied. They never entered Carafem's offices.

**Requested Relief:** Carafem requests that the Court deem ¶ 53 admitted except that it is denied as to the building being a medical building or, alternatively, order Defendants to amend their answer to ¶ 53 of the Amended Complaint to clearly admit or deny each part of it.

14. **AC ¶ 58:** ATW Defendants intentionally attempted to and did intimidate and frighten carafem staff by calling them murderers and threatening to terrorize the building if they were not allowed into the clinic.

    **Answer:** **False Claims** regarding line 58 is denied. Rickey Williams, Bevelyn Williams, and Edmee Chavannes did not attempt to invoke fear or intimidate staff but endeavored to bring awareness as to ==the murdering of children and the role "Carafem Child Termination Offices" play in== the matter.

**Requested Relief:** Carafem requests that the Court deem ¶ 58 admitted as to Defendants' actions of calling carafem staff murderers and threatening to terrorize the building if they were not allowed into the clinic and denied as to Defendants' intentional attempt to intimidate and frighten carafem staff or, alternatively, order Defendants to amend their answer to ¶ 58 of the Amended Complaint to clearly admit or deny each part of it. Carafem also moves the Court to strike the highlighted portion of the Answer as scandalous, irrelevant characterization of carafem.

15. **AC ¶ 59:** The words of OSA Defendants combined with their attempt to enter the clinic, aggressive yelling, "speaking in tongues," aggressive hand gestures, and refusal to leave the medical building created a reasonable apprehension of harm in carafem staff and patients.

    **Answer:** **Freedom to Expression of Religion and Speech - First Amendment Protections** regarding line 59 is denied. Defendents [*sic*] Rickey Williams, Bevelyn Williams, and Edmee Chavannes' "aggressive yelling", "speaking in tongues," & "aggressive hand gestures", must be proven as a direct physical and deliberate threat to the plaintiff. Carafem "feeling intimidated' has no **Legal Basis**

**Requested Relief:** Carafem requests that the Court deem ¶ 59 admitted that Defendants' actions constituted aggressive yelling, "speaking in tongues," aggressive hand gestures, and refusal to leave the medical building and denied that these actions created a reasonable apprehension of harm in carafem staff and patient or, alternatively, order Defendants to amend their answer to ¶ 59 of the Amended Complaint to clearly admit or deny each part of it.

16. **AC ¶ 65:** ATW Defendants' entrance into the medical building and attempt to enter the clinic on July 28, 2022, caused carafem staff and patients to implement lockdown procedures for 35-45 minutes, thereby obstructing the reasonable and comfortable use of the facility by carafem patients and staff and interfered with carafem's ability to provide medical care to patients.

    **Answer:** **Reference** Claim is denied by defendants Rickey Williams, Bevelyn Williams, and Edmee Chavannes, please refer to lines 7, 10, 11, and 13.[3]

**Requested Relief:** Carafem requests that the Court deem ¶ 65 admitted that Defendants entered the medical building and attempted to enter the clinic and denied as to the remainder of ¶ 65 or, alternatively, order Defendants to amend their answer to ¶ 65 of the Amended Complaint to clearly admit or deny each part of it.

Carafem also moves the Court to strike the final paragraph of Defendants' Answer, which contains inaccurate and spurious content, scandalous and irrelevant characterization of carafem, and a baseless and improper request for dismissal. The only grounds Defendants identify for potential dismissal are judicial economy and that their actions were legally allowed. Neither of

---

[3] Carafem presumes this is the response to paragraph 65 because it is between the responses to paragraph 64 and 66. Moreover, carafem concludes that the reference to lines 7, 10, 11, and 13 refer to those paragraphs in the Answer, which correspond to Amended Complaint ¶¶ 34, 37, 38, and 40.

those bare allegations, without more, is an appropriate basis for a motion to dismiss at this stage in the litigation.

## CONCLUSION

For all the reasons set forth above, carafem respectfully requests that the Court grant the requested relief.

Date: May 23, 2024

Respectfully submitted,

*/s/ Briana T. Sprick Schuster*
Sarah B. Miller
Angela L. Bergman
Allison Wiseman Acker
Briana T. Sprick Schuster
**BASS, BERRY & SIMS PLC**
150 Third Avenue South, Suite 2800
Nashville, TN  37201
(615) 742-6200
(615) 742-6293 (facsimile)
smiller@bassberry.com
abergman@bassberry.com
allison.acker@bassberry.com
briana.sprick.schuster@bassberry.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing will be served this 23rd day of May, 2024 via email, Federal Express or U.S. Express Mail on the defendants identified below:

*Via E-Mail*
Edmee Chavannes
9100 Integra Preserve Ct., #316
Ooltewah, TN 37363
EdmeeChav@gmail.com

*Via E-Mail*
Bevelyn Z. Williams
5220 Kellogg Creek Trail, Apt. 100,
Ooltewah, TN 37363
mrsbevelynwilliams@gmail.com

*Via E-Mail*
Rickey Nelson Williams, Jr.
5220 Kellogg Creek Trail, Apt. 100,
Ooltewah, TN 37363
rickeywilliams144@gmail.com

*Via U.S. Express Mail*
At The Well Ministries
P.O. Box 633
Ooltewah, TN 37363

                                              */s/ Briana T. Sprick Schuster*