UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FEMHEALTH USA, INC., d/b/a CARAFEM, Plaintiff, Civil Action No. 3:22-cv-00565<br><br>v.<br><br>RICKEY NELSON WILLIAMS, JR.; BEVELYN Z. WILLIAMS, JR.; EDMEE CHAVANNES; and AT THE WELL MINISTRIES, Defendants. | Civil Action No. 3:22-cv-00565<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Jeffery S. Frensley<br><br>RECEIVED<br>JUN 23 2025<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT OF TN |

# DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR STATUTORY DAMAGES AND INTEREST (DKT. 217)

## I. INTRODUCTION

While this motion nominally concerns statutory damages, it arises in the context of ongoing procedural challenges that have, at times, limited Defendants' access to timely filings and full participation in the process.

Defendants, appearing pro se, respectfully oppose Plaintiff's Motion for Statutory Damages and Interest (Dkt. 217) and the accompanying sealed declaration (Dkt. 218). The motion is procedurally and substantively defective. It was not properly served. It is unsupported by evidence of actual harm or obstruction as required under the Freedom of Access to Clinic Entrances Act (FACE Act), 18 U.S.C. §

248. Defendants respectfully raise these concerns not to impugn the integrity of the proceedings, but to preserve their constitutional rights to notice and a fair opportunity to be heard under the Fifth and Fourteenth Amendments. Two of the three Defendants never received critical filings. In light of these obstacles, Defendants have attempted in good faith to respond to the Court's directives and participate meaningfully in this process.

## II. PROCEDURAL HISTORY & SERVICE FAILURES

Defendants Have Made Repeated Good-Faith Efforts to Stay Informed Despite Barriers. The record shows persistent obstacles in Defendants' ability to receive notice and participate meaningfully, due in part to service failures and misunderstanding of procedure—challenges exacerbated by their pro se status.

1. **Defendants Never Received the Report and Recommendation (R&R):**

   Defendant Bevelyn Williams was incarcerated in January 2025 and never received the R&R. Defendant Edmee Chavannes also never received it. The PACER docket reflects that mail addressed to her was returned undelivered, and Plaintiff consistently used the wrong address from 2022 through 2024. Defendant Rickey Williams, Jr. received the Report and Recommendation (Dkt. 195) by mail and, in a good-faith effort to inform co-defendants, read parts of it aloud over the phone to Defendant Edmee Chavannes. However, both Defendants misunderstood the nature of the document, mistakenly believing it to be a final judgment rather than a Magistrate Judge's recommendation.

2. **Lack of PACER Access Until Recently:**

   Defendants only obtained PACER access in April 2025. Prior to that, they relied on sporadic postal mail and intermittent email correspondence. Had they known about the system earlier, they would

have monitored filings and responded more effectively. This context underscores that missed deadlines were not based on bad faith, but on informational and procedural disadvantage.

3. **Service and Mislabeling Issues:**

Plaintiff filed Docket 149 as "unopposed," though no formal service was made in accordance with Fed. R. Civ. P. 5(b). Informal communications or partial email exchanges—while useful for cooperation—do not, by themselves, satisfy the rule's service requirements. Defendants respectfully submit that no express waiver of service was made or intended. Dockets 217 and 218 were filed without any notice, service, or opportunity for Defendants to respond—especially concerning in a pro se context. To date, Defendants have not expressly agreed to receive formal service exclusively by email, nor is there any court order excusing compliance with Rule 5.

4. **Violation of Due Process Standards:**

In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), the Supreme Court held that due process requires notice "reasonably calculated" to apprise a party of proceedings. Plaintiff's repeated use of the wrong address for Edmee Chavannes and failure to confirm delivery falls short of that standard. In Jones v. Flowers, 547 U.S. 220 (2006), the Court held that a sender must take "additional reasonable steps" when aware that notice failed. In this case, docket entries show that mail was repeatedly returned as undeliverable for Edmee Chavannes—including the very R&R that triggered final judgment. No further attempts were made to re-send or confirm delivery.

## III. PLAINTIFF'S MOTION FOR STATUTORY DAMAGES FAILS AS A MATTER OF LAW

**No Harm, No Obstruction, No Basis for Damages**

The FACE Act provides for statutory damages only when there is evidence of actual harm or obstruction:

> *"Any person aggrieved... may obtain... compensatory damages... [and] in the case of a violation... the court may award statutory damages, but only in the absence of actual damages."*
> — *18 U.S.C. § 248(c)(1)(B)*

Here, Plaintiff introduced no evidence of injury, obstruction, or harm. In fact, Jane Doe's own declaration (Dkt. 18) states the police arrived and allowed protesters to leave peacefully. Later filings by Plaintiff contradict that version, stating Defendants delayed exit by ten minutes. This internal inconsistency raises concerns about reliability and suggests exaggeration rather than substantiated injury. The record does not reflect any genuine disruption of services, physical interference, or emotional distress. Without clear documentation of harm, statutory damages are not warranted.

**Statutory Damages Are Discretionary, Not Automatic**

Federal courts routinely deny statutory damages where:

(a) the plaintiff fails to show actual harm; or

(b) the defendants acted without malice, particularly when unrepresented.
See, e.g.:

- *Doe v. United States*, 58 F.4th 558 (9th Cir. 2023)
- *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 78 F. Supp. 3d 869, 873 (N.D. Ill. 2015)

In this case, Defendants acted peacefully, departed without police intervention, and did not engage in violence or obstruction. The spirit of the statute is to protect access—not to penalize peaceful expression after the fact, particularly in the absence of demonstrated injury.

**Plaintiff Cannot Now Switch to Actual Damages**

Plaintiff affirmatively chose to pursue statutory damages. That strategic decision carries legal consequences. Courts discourage "midstream" shifts in legal theory, particularly where statutory claims were elected in lieu of proving harm. As the Supreme Court noted:

"Statutory damages are supplements, not substitutes for injury—where no injury, there's no case."

— Newman v. Piggie Park Enters., Inc., 390 U.S. 400 (1968)

Accordingly, Plaintiff's motion cannot be granted on a new theory that was never formally raised, pleaded, or supported by record evidence.

## IV. ATTORNEY'S FEES AND INTEREST ARE PREMATURE AND UNPROVEN

1. **No Final Judgment Yet**

   Plaintiff's request for $260,000 in attorney's fees and interest is premature. Such requests are typically made after a final judgment, not during the pendency of damages motions. See Fed. R. Civ. P. 54(d)(2); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). In this case, the Court has not ruled on the motion for statutory damages, and no final order has been entered. As such, Plaintiff's fee and interest demands are not yet ripe for review or adjudication.

2. **No Basis in FACE or the Record**

   Plaintiff cites no provision within the FACE Act authorizing the award of prejudgment interest. Nor has Plaintiff submitted sufficient documentation to justify the amount requested. The record does not contain itemized billing, affidavits of reasonableness, or any supporting materials required for fee-shifting under prevailing standards. Furthermore, Docket 218 is sealed and was never served on Defendants. As pro se litigants, Defendants were denied the opportunity to meaningfully review, object to, or challenge the claims within that filing.

Absent a final judgment, proper notice, and supporting evidence, the request for attorney's fees and interest lacks procedural and substantive foundation. It should be denied or deferred unless and until the required legal standards are met.

## V. PATTERN OF LITIGATION CONDUCT BY PLAINTIFF

1. **Post-Mediation Retaliatory Litigation**

    Following a mediation session in which Defendants declined to settle, Plaintiff promptly moved for default. This sequence—reflected in Docket 143 and related filings—suggests that litigation strategy shifted from negotiation to pressure once Defendants exercised their right to continue defending themselves. Courts have cautioned against converting procedural rules into weapons when parties assert lawful defenses. Here, the immediate pursuit of default judgment post-mediation appears inconsistent with the principles of fair play and the goal of resolving disputes on the merits.

2. **Misuse of "Unopposed" and Procedural Leverage**

    Plaintiff repeatedly filed motions labeled "unopposed" based not on formal consent or stipulation, but on Defendants' silence or partial email communication—often in the absence of proper service. Such use of procedural defaults, particularly against pro se litigants, raises fairness concerns. In Deutsche Bank Nat'l Tr. Co. v. Steele, No. 3:15-CV-00290, 2015 WL 4634722 (M.D. Tenn. July 28, 2015), the court expressly declined to treat a motion as unopposed when proper service was not established.

Similarly, labeling Docket 149 as unopposed—absent confirmed delivery—reflects an effort to secure legal advantage by procedural default rather than substantive engagement. While courts rely on procedural rules to maintain order, they also recognize that pro se parties require reasonable notice and opportunity to respond. The repeated use of informal exchanges to assert formal waiver risks undermining confidence in the fairness of the process.

## VI. CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court:

- Deny Plaintiff's Motion for Statutory Damages and Prejudgment Interest (Dkt. 217);
- Strike Docket 218, which lacks proper service, proof, and compliance with procedural rules;
- Reject Plaintiff's request for attorney's fees and interest, which are not ripe, lack statutory and factual support, and were never properly served;
- Deny any further relief based on sealed, mischaracterized, or improperly served filings.

Plaintiff affirmatively elected to pursue statutory damages. That decision carries legal implications. Courts have consistently declined to entertain late-stage shifts in legal theory—particularly when no actual harm has been demonstrated and the opposing party was not properly served. This Court should consider the same result appropriate here.

Defendants do not raise these objections to obstruct justice, but to uphold fundamental fairness and due process. The procedural record—marked by missed service, inconsistent assertions of

waiver, and sealed filings without notice—suggests a litigation approach that emphasized leverage over merit.

Dismissal is the most appropriate remedy in light of these circumstances. Alternatively, Defendants respectfully request that Dockets 217 and 218 be stricken in full, and that no further action be granted based upon them.

Respectfully submitted,


/s/ Rickey Nelson Williams, Jr.
Bevelyn Z. Williams
Edmee Chavannes

Rickey Williams
5220 Kellogg Creek Trail, Apt 100
Ooltewah TN, 37363
Rickeywilliams144@gmail.com
(423) 333-6145

Bevelyn Williams
5220 Kellogg Creek Trail, Apt 100
Ooltewah TN, 37363
mrsbevelynwilliams@gmail.com
(423) 333-4045

Edmee Chavannes
9122 Integra Hills Lane #318
edmeechav@gmail.com
(646) 549-0400

# CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2025, I served a copy of the foregoing Supplemental Memorandum in Support of Rule 60(b) Motion and attached Exhibits upon Plaintiff's counsel via email:

*__Via E-Mail:__*

Briana T. Sprick Schuster
Sarah B. Miller
Angela L. Bergman
Allison Wiseman Acker

BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201

smiller@bassberry.com
abergman@bassberry.com
allison.acker@bassberry.com
briana.sprick.schuster@bassberry.com

/s/ Rickey Nelson Williams, Jr.
Bevelyn Z. Williams
Edmee Chavannes

