IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEMHEALTH USA, INC. d/b/a CARAFEM, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:22-cv-00565 ) ) |
| RICKEY NELSON WILLIAMS, JR., et al., | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE FRENSLEY ) ) |
| Defendants | ) |

**MEMORANDUM and ORDER**

Pending before the Court is Plaintiff's Motion for an Award of Damages. (Doc. No. 217). Through the Motion, Plaintiff requests the Court award statutory damages in the amount of $5,000.00 in accordance with the Freedom of Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248. Defendants Rickey Nelson Williams, Jr., Bevelyn Z. Williams, and Edmee Chavannes (collectively "Defendants") filed a response in opposition (Doc. No. 229), Plaintiff filed a reply (Doc. No. 230), and Defendants filed a sur-reply (Doc. No. 231). For the reasons stated below, Plaintiff's Motion is **GRANTED**.

### I.   PROCEDURAL BACKGROUND

The Court previously granted summary judgment in favor of Plaintiff and against Defendants on Plaintiff's claim for violation of the FACE Act, and for state law claims of trespass, assault, and nuisance. (*See* Order, Doc. No. 199, adopting Report and Recommendation, Doc. No. 195). Defendants filed a "Rule 60(b) Motion for Relief from Judgment," and motion to stay enforcement of the judgment, both of which were denied. (*See* Doc. Nos. 204, 207). Defendants filed a Notice of Appeal and Amended Notice of Appeal. (Doc. Nos. 208, 214). The Sixth Circuit

1

dismissed the appeal for lack of appellate jurisdiction. (*See* Doc. Nos. 222, 223). Now before the Court is Plaintiff's motion for an award of statutory damages for the FACE Act claim. (Doc. No. 217).

## II. ANALYSIS

The FACE Act provides that, "[i]n any action under subparagraph (A), the court may award appropriate relief, including temporary, preliminary or permanent injunctive relief and compensatory and punitive damages, as well as the costs of suit and reasonable fees for attorneys and expert witnesses. With respect to compensatory damages, the plaintiff may elect, at any time prior to the rendering of final judgment, to recover, in lieu of actual damages, an award of statutory damages in the amount of $5,000 per violation." 18 U.S.C. § 248(c)(1)(B). Plaintiff has elected to recover statutory damages in lieu of actual damages in this matter. (*See* Miller Declaration, Doc. No. 218-1). Plaintiff seeks an award of statutory damages in the amount of $5,000 based on the grant of summary judgment in its favor on its FACE Act claim.

Defendants oppose an award of statutory damages. They argue that courts routinely deny statutory damages "when the plaintiff fails to show actual harm" or "when the defendants acted without malice, particularly when unrepresented." (Doc. No. 229 at 4). The "legal authority" relied upon by Defendants consists of fabricated statutory language and quotations from nonexistent cases. (*Id*. at 3-5). When Plaintiff identified the fabricated authority, rather than offer an apology or explanation, Defendants responded that "Plaintiff seeks to distract the Court with irrelevant case citations, accusations of dishonesty, and procedural threats." (Doc. No. 231 at 1). Defendants then argue that the use of the word "may" in the statute means that a statutory damages award is

2

discretionary and that the Court should exercise its discretion not to award damages because of "service failures" and "violation of due process standards."[1] (*See* Doc. Nos. 229, 231).

Defendants' fabrication of legal authority is troubling. All persons before the Court have an obligation to ensure that the legal and factual representations in their filings are accurate and failure to do so results in an ineffective legal argument and wastes the time and resources of the Court and opposing counsel. Defendants are cautioned that citation to fabricated caselaw may result in sanctions. For purposes of the pending motion, those citations and arguments are stricken from the response and have not been considered.

Defendants' arguments about "service issues" and "violation of due process standards" are unfounded. With regard to the instant motion, Defendants' assertion that they had no notice of or opportunity to respond is belied by the record and their response and sur-reply to the motion. (*See* Pl. Ex. A, Doc. 230-1 (tracking details for service of motion); Defs. Resp., Doc. No. 229; Defs. Sur-reply, Doc. No. 231). Plaintiff's service of other filings also raises no due process concerns. The Federal Rules of Civil Procedure allow for service by mailing the motion or other filing to a person's "last known address" and provide that service is complete upon mailing. *See* Fed. R. Civ. P. 5(b)(2)(C). The record indicates that service was made to Defendants' addresses of record provided to the Court. Despite some mail to Bevelyn Williams and Chavannes being returned undelivered, each of them received actual notice of the filings at issue and, despite knowing that they had not received filings and Orders, neither claims to have provided the Court or Plaintiff with an updated address. Moreover, Defendants concede that filings were delivered to the

---

[1] Defendants also accuse Plaintiff of retaliatory litigation conduct, misrepresenting a motion to modify a case management order as unopposed, and argue Plaintiff's request for attorney's fees and interest is premature. (*See* Doc. No. 229 at 5-6). A review of the record shows the accusations concerning Plaintiff's litigation conduct to be unfounded. No request for attorney's fees is currently before the Court. However, Plaintiff states that it intends to seek attorney's fees after the entry of final judgment in accordance with Local Rule 54.01(b)(1).

mailroom of their apartment complex. (Doc. No. 231 at 2). Defendants argue that Plaintiff should have ensured that they retrieved the mailings from the mail room or otherwise provided notice of the mailings, but the Federal Rules of Civil Procedure and due process impose no such obligation.

Because Plaintiff was awarded summary judgment on its FACE Act claims, Plaintiff is entitled to an award of statutory damages in the amount of $5,000, for which Defendants are jointly and severally liable. *See United States v. Gregg*, 226 F.3d 253, 258 (3d Cir. 2000) (holding that statutory damages are imposed per violation and jointly and severally among the defendants who participated in the blockade).

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Award of Damages (Doc. No. 217) is **GRANTED**. Final judgment will enter by separate Order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4

Case 3:22-cv-00565   Document 232   Filed 01/23/26   Page 4 of 4 PageID #: 1992